UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

CURTIS JAMES JACKSON, III
p/k/a 50 CENT, TOMORROW TODAY
ENTERTAINMENT INC., a New York
corporation, and G-UNIT RECORDS, INC.,
a New York corporation,

Civil Action No. **09 CIV 5583**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs,

-against-

LEE Q. ODENAT, a/k/a "Q", d/b/a
WWW.WORLDSTARHIPHOP.COM,

Defendants.
-------------------------------------------------------------x



## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, Curtis James Jackson, p/k/a/ 50 Cent ("50 Cent"), Tomorrow

Today Entertainment Inc., a New York corporation ("TTE"), and G-UNIT RECORDS,

INC., a New York corporation ("G-UNIT RECORDS"), by and through their

undersigned counsel and as and for its Complaint against Defendant LEE Q. ODENAT,

a/k/a "Q," d/b/a www.worldstarhiphop.com ("Defendant"), states as follows:

### NATURE OF ACTION

1.      This is an action for trademark infringement and federal unfair

competition/false advertising under the Trademark Act of 1946, as amended (The

Lanham Act, 15 U.S.C. § 1051 *et seq*.), for violation of Sections 50 and 51 of the New

York Civil Rights Law, for unfair competition under New York law, and for copyright

infringement under the Copyright Act, as a result of Defendant's unauthorized use of 50

Cent's image and likeness, the unauthorized use of the federally registered trademark G-

UNIT, and the unauthorized use of copyrighted materials owned by G-UNIT RECORDS, all in connection with advertising Defendant's website, www.worldstarhiphop.com.

## THE PARTIES

2.     Plaintiff 50 Cent is a citizen and resident of the state of Connecticut.

3.     Plaintiff TTE is a New York corporation, conducting business in New York.  Plaintiff Jackson is the sole officer and director of TTE.

4.     Plaintiff G-UNIT RECORDS is a New York corporation, conducting business in New York.  Plaintiff Jackson is the sole officer and director of G-UNIT RECORDS.

5.     Defendant is a citizen and resident of the State of Pennsylvania and does business as www.worldstarhiphop.com, and owns, maintains, manages and operates the website www.worldstarhiphop.com.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), 17 U.S.C. § §101 et seq. (Federal Copyright Act), 28 U.S.C. § 1338(b) (supplemental state law claims), and pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 (exclusive of interest and costs) and is between citizens of different states.

7.     The Court has jurisdiction over Defendant pursuant to New York's Long Arm Statute, CPLR 302(a)(1) as Defendant has transacted business in New York through its highly interactive website; pursuant to CPLR 302(a)(2), as Defendant committed a

2

tortious act within this State; or, in the alternative, pursuant to CPLR 302(a)(3) as Defendant has caused injury to persons or property within this State arising out of an act or omission by the Defendant outside this State.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of events giving rise to Plaintiffs' claims in this action occurred in the Southern District and Defendant is subject to personal jurisdiction within this district.

## FACTUAL BACKGROUND

### 50 Cent's Creation, Use and Promotion of His Valuable Professional Persona, the G-UNIT Trademark, and the Website www.thisis50.com

9. Plaintiff, 50 Cent is a world-renowned, enormously popular and successful recording artist, rap and hip-hop performer, record producer, actor and entrepreneur. In 2003, 50 Cent released his official debut album *Get Rich Or Die Tryin'* which sold 872,000 units in the first four days of its release and is currently ten times platinum worldwide. His second album <u>The Massacre</u>, released in 2005, is now seven times platinum worldwide. All told, Jackson's three albums released to date have sold more than 25 million copies. 50 Cent has also starred in films, including the 2005 movie <u>Get Rich or Die Tryin</u>' and has earned 13 Grammy nominations. Attesting to his worldwide popularity, "Get Rich Or Die Tryin'" reached #2 in the U.K. and #1 in Australia, while "The Massacre" reached #1 in both those countries, #2 in Sweden, and is the biggest-selling rap album in India, where it has been certified double platinum, selling more than 2,000,000 copies. He is one of the most recognized and admired musical artists in the world.

3

10.    As a result of his enormous fame, 50 Cent's image and likeness enjoys wide-spread recognition and monetary value. 50 Cent has a huge fan base largely comprised of the 18-35 year-old age demographic and is particularly well known and popular among fans of hip-hop music.

11.    In addition to being a solo recording artist, record producer and rap and hip-hop performer, 50 Cent is a member of the rap and hip-hop group known as "G-Unit." In 2003, 50 Cent created the G-Unit Clothing Company, which is now a top contender in the urban fashion market. Inspired by 50 Cent and fellow members of G-Unit, the clothing line is marketed and promoted under the trademark G-UNIT.

12.    Jackson has also donated over one million dollars through his charitable foundation, The G-Unity Foundation, Inc., which provides grants to nonprofit organizations that focus on improving the quality of life for low-income and underserved communities.

13.    50 Cent owns various federal trademark registrations for the G-UNIT mark including: U.S. Registration No. 2787451 for entertainment services in the nature of live performances by the musical group in International Class 041; for pre-recorded phonograph records, compact discs, audio and video cassettes, and dvds featuring music in International Class No. 09; and clothing, namely, hats, t-shirts, jackets, shirts, sweatshirts and sweat pants, and jerseys in International Class No. 25. 50 Cent also currently owns U.S. Registration No. 2992615 for the G-UNIT mark for printed matter and publications, namely, newsletters relating to entertainment, photographs, posters, and

4

pressure sensitive stickers in International Class No. 16.  50 Cent also currently owns

U.S. Registration No. 3564649 for books on the subject of urban street themes.

14.    50 Cent has three (3) other pending federal trademark applications for the

G-UNIT mark including U.S. Serial No. 77505834 for jewelry in International Class No.

14; U.S. Serial No. 77505844 for magazines relating to entertainment, calendars in

International Class 16; and U.S. Serial No. 77505852 for travel and sports bags,

backpacks, wallets and umbrellas in International Class No. 18.

15.    The G-UNIT mark has become a strong, well and favorably known

designation of origin to the general public throughout the United States for the goods and

services of 50 Cent with sales exceeding $150 million.  As a result, 50 Cent has

established extensive goodwill and public recognition for the G-UNIT mark as an

exclusive identification of the services offered by 50 Cent.

16.    Additionally, 50 Cent is the President of Plaintiff G-UNIT RECORDS, a

well-known and popular record company which produces and markets recordings of hip-

hop, and other, music, including by the musical group G-Unit and the individual

members thereof.

17.    As a result of 50 Cent's long and continuous use, the G-UNIT marks have

come to identify 50 Cent's goods and services and distinguish them from those of others,

and have come to represent and symbolize substantial good will belonging exclusively to

50 Cent.

18.    50 Cent has expended substantial sums, over a period of years, in advertising and promoting his persona and the G-UNIT mark. Such advertising has included internet, television, radio, print and live appearances. As a result of his substantial promotional investments, 50 Cent has developed an enormously valuable interest in his name, likeness, persona and the G-UNIT marks.

19.    As a result of his popularity and renown, 50 Cent has established a first-class brand for which advertisers are willing to pay substantial premiums, especially when trying to reach the hip-hop demographic. 50 Cent regularly receives financially lucrative offers to license use of his name, likeness and trademarks to promote a wide variety of products. However, 50 Cent carefully protects his image and brand and trademarks. To prevent any diminution of the public's perception of him, 50 Cent has carefully limited and controlled his endorsement activities to products and services of the highest quality and of his choosing, and has demanded that any endorsement deals permit him to maintain strict control over the manner in which his likeness and trademarks are used. 50 Cent has turned away potentially millions of dollars in endorsement offers that he deemed unworthy, and is extremely aware of the public's perception of him and the G-UNIT mark causing him to forgo endorsement deals which he felt might compromise the integrity of his image and trademarks.

20.    As a result, when 50 Cent does agree to endorse a product or service his endorsement commands attention in the market place, particularly among the all-important teen and young adult demographic. Accordingly, 50 Cent is highly-compensated when he does choose to endorse a product.

6

21.     50 Cent is also the President of Plaintiff Tomorrow Today Entertainment Inc., which owns and operates the popular internet website, www.thisis50.com, devoted to 50 Cent, G-Unit and coverage of the hip-hop industry.  Plaintiffs' website makes extensive use of 50 Cent's image and the G-UNIT marks.

### Defendant's Infringing Activities

22.     Defendant owns and operates the internet website www.worldstarhiphop.com, which features coverage of the hip hop industry and culture.

23.     Defendant has engaged in a series of infringements of the Plaintiffs' intellectual property in an effort to falsely portray the website www.worldstarhiphop.com as being associated and affiliated with 50 Cent and G-Unit.

24.     Defendant, without permission or authorization, has repeatedly featured the image of 50 Cent on its website in a manner to suggest that the website is 50 Cent's official website or is sponsored by or affiliated with 50 Cent, an example of which is attached hereto as Exhibit "A."

25.     Defendant, without permission or authorization, has made extensive use of the G-UNIT mark in a manner to suggest that the website is G-Unit's official website or is sponsored by or affiliated with G-Unit.  See Exhibit "B" hereto.

26.     Defendant, without permission or authorization, has displayed on its website, copyrighted album artwork owned by Plaintiff G-UNIT RECORDS, including from the album "Thoughts of a Predicate Felon" by G-Unit member Tony Yayo, and from the album "Beg For Mercy" by G-Unit member Lloyd Banks (collectively, the

7

"Copyrighted Material").  See Exhibit "B" hereto.

27.     Defendant, knowingly and without the authorization, permission, or consent of 50 Cent, G-UNIT RECORDS or TTE, has appropriated and used 50 Cent's image and likeness and the G-UNIT mark to advertise, promote, endorse and draw attention to the worldstarhiphop.com website, and to attempt to compete with Plaintiff's website, www.thisis50.com.

28.     Defendant's infringing activities using 50 Cent's image and likeness and the G-UNIT mark are false representations to the public that 50 Cent and G-UNIT endorse, are employed, sponsored, associated or affiliated with, or otherwise approve of Defendant, his website and business activities, trademark or logo, none of which is true.

29.     50 Cent has never consented to the use by Defendant of his image and likeness or the G-UNIT mark in connection with Defendant's www.worldstarhiphop.com website or any product or service of any sort sold or offered for sale by Defendant.

30.     50 Cent never consented to endorse, promote, recommend, or be associated or affiliated with Defendant or its products or services.

31.     Defendant, at all material times, was and is familiar with the fame of 50 Cent and the G-UNIT mark, especially among its target demographic.  Defendant's actions alleged herein were done knowingly and intentionally without regard for the rights of 50 Cent including his federal trademark rights and the right to control and direct the use of his image and likeness and the right to have his website not be subjected to unfair competition.

8

32.    Plaintiffs have retained the undersigned counsel to represent them in this action and are obligated to pay counsel their reasonable attorney's fees.

## COUNT I

### Violation of Section 32 of the Lanham Act
### Infringement of Federal Trademarks

33.    50 Cent hereby repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.    The Defendant's infringing advertisements using the G-UNIT mark have been distributed in interstate commerce in the United States via the internet through Defendant's website www.worldstarhiphop.com.

35.    Defendant has infringed 50 Cent's G-UNIT mark by various acts, including, without limitation, promoting and advertising its www.worldstarhiphop.com website without permission or authority of 50 Cent and said use is likely to cause confusion, to cause mistake and/or to deceive.

36.    Defendant's conduct and infringing activities have caused and are likely to cause confusion and mistake among the general public, and/or have deceived and are likely to deceive the general public into believing that 50 Cent and G-UNIT are affiliated, connected, or associated with Defendant, and that 50 Cent and G-UNIT licensed, sponsored, or approved of Defendant and its website, products and services, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

37.    Defendant's unauthorized use of the G-UNIT mark, as set forth above, violates Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

9

38.    Defendant's acts have been willful, deliberate and intended to benefit Defendant at Plaintiff's expense.

39.    As a direct and proximate result of Defendant's unlawful acts, 50 Cent has suffered monetary damages in an amount to be determined at trial.

40.    50 Cent is entitled to damages and Defendant's profits, treble damages and attorney's fees pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1117.

41.    However, Plaintiff has no adequate remedy at law to compensate him fully for the damages that have been caused by Defendant's unlawful acts and which would be caused by any further infringement of Plaintiff's registered G-UNIT marks by Defendant, unless future unlawful acts and infringements of this kind are enjoined by this Court.

42.    This is an exceptional case under 15 U.S.C. § 1117.

## COUNT II

### Violation of Section 43(a) of the Lanham Act
### Federal Unfair Competition/False Advertising

43.    50 Cent hereby repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

44.    Defendant has used the image and likeness of 50 Cent and the designation "G-UNIT" in promoting and advertising their website without permission or authority of 50 Cent and said use is likely to cause confusion, to cause mistake and/or to deceive. Said use of the image and likeness of 50 Cent and the designation "G-UNIT" is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation,

connection or association of Defendant with 50 Cent and G-UNIT, and constitutes false advertising and unfair competition.

45.     Defendant's unauthorized use of the image and likeness of 50 Cent and G-UNIT mark, as set forth above, violates Section 43(a) of the Lanham Act, §15 U.S.C. § 1125(a).

46.     As a direct and proximate result of Defendant's violations of the Lanham Act, 50 Cent has suffered actual damages in an amount to be proven at trial.

47.     50 Cent is entitled to damages and Defendant's profits, treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

48.     However, Plaintiff has no adequate remedy at law to compensate him fully for the damages that have been caused by Defendant's unlawful acts and which would be caused by any further infringement of Plaintiff's registered G-UNIT mark by Defendant, unless future unlawful acts and infringements of this kind are enjoined by this Court.

49.     This is an exceptional case under 15 U.S.C. § 1117

## COUNT III
### Violation of New York Civil Rights Law

50.     50 Cent repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

51.     Defendant has used 50 Cent's image and likeness within the state of New York for advertising purposes or for the purposes of trade.

52.     Defendant's use of 50 Cent's image and likeness has been without the written or oral authorization of Plaintiff or anyone authorized by him to give such authorization.

53.     Defendant's use of 50 Cent's image and likeness was willful, malicious and in conscious disregard of 50 Cent's rights.

54.     The Defendant's use of 50 Cent's image and likeness falsely implies that 50 Cent endorsed or was associated with Defendant's website.

55.     Defendant's conduct is in direct violation of 50 Cent's rights under sections 50 and 51 of the Civil Rights Law of the State of New York.

56.     As a result of Defendant's unauthorized use of 50 Cent's image and likeness, 50 Cent has suffered and continues to suffer damages in an amount to be proven at trial.

57.     Defendant has knowingly used 50 Cent's image and likeness in a manner that it knew to be forbidden and/or unlawful pursuant to Section 50 of the New York Civil Rights law.  Defendant knew it was required to obtain 50 Cent's consent for its use of his image.  Defendant never sought 50 Cent's consent because it knew 50 Cent would not give it.

58.     50 Cent therefore demands exemplary damages under section 51 of the New York Civil Rights Law.

## COUNT IV
## Common Law Unfair Competition

59.     50 Cent and TTE repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

60.     Defendant's activities as stated herein constitute unfair competition within the State of New York and in violation of New York law.

61.     Defendant wrongfully misappropriated the commercial advantage of the goodwill associated with the image of likeness of 50 Cent and the G-UNIT mark to compete against Plaintiffs' own use of the same property in connection with Plaintiffs' website www.thisis50.com, and to palm off to the public Defendant's website as being associated with 50 Cent and G-UNIT.

62.     As a direct and proximate result of Defendant's acts of unfair competition Plaintiffs have suffered damages in an amount to be determined at trial.

63.     Defendant's acts of unfair competition were willful, malicious and in conscious disregard of 50 Cent's and TTE's rights.  Plaintiffs therefore demand punitive damages.

## COUNT V
## Federal Copyright Infringement

64.     Plaintiff G-UNIT RECORDS hereby repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

65.     Plaintiff G-UNIT RECORDS is, and at all relevant times has been, the

13

copyright owner with respect to the Copyrighted Material which is the subject of valid Certificates of Copyright Registration issued by the Register of Copyrights.

66.    Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Copyrighted Materials to the public.

67.    Defendant, without the permission or consent of G-UNIT RECORDS has reproduced and distributed G-Unit Record's Copyrighted Material to the public.  In doing so, Defendant has violated G-UNIT RECORDS exclusive rights of reproduction and distribution.  Defendant's actions constitute infringement of G-UNIT RECORDS copyrights and exclusive rights under copyright.

68.    G-UNIT RECORDS has placed proper notices of copyright, pursuant to 17 U.S.C. § 401, on published copies of the Copyrighted Material.  These published copies were widely available, and each of the published copies of the Copyrighted Material was accessible by Defendant.

69.    G-UNIT RECORDS is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of G-UNIT RECORDS.

70.    As a result of Defendant's willful infringement of G-UNIT RECORDS copyrights and exclusive rights under copyright, G-UNIT RECORDS is entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) or disgorgement of profits, at G-UNIT RECORDS' election, and such other relief as is provided by law.  G-UNIT

RECORDS is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

71.      However, Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused by Defendant's unlawful acts and which would be caused by any further infringement of Plaintiff's Copyrighted Material by Defendant, unless future unlawful acts and infringements of this kind are enjoined by this Court. Pursuant to 17 U.S.C. §§ 502 and 503, G-UNIT RECORDS is entitled to injunctive relief prohibiting Defendants from further infringing G-UNIT RECORDS' copyrights.

**WHEREFORE**, Plaintiffs respectfully request that:

a.      The Court enter an Order with regard to Counts I, II and V, permanently enjoining Defendant and his agents, officers, servants, employees, successors and assigns and all others acting in concert or in privity with Defendant, from using, imitating and/or copying 50 Cent's image and likeness, the G-UNIT mark and G-UNIT RECORDS' Copyrighted Materials in connection with any promotion, advertisement, display, sale or circulation of any services or products, which in any way might, could or does falsely relate or associate Defendant, or its website, with Plaintiffs, and from imprinting, producing, marketing, selling, transporting, distributing, moving and/or otherwise circulating any and all services or products which bear 50 Cent's image and likeness, the G-UNIT mark, G-UNIT RECORDS' Copyrighted Materials or any colorable simulation or imitation thereof;

b.      The Court enter an Order awarding Plaintiffs damages in an amount to be determined at trial with regard to Counts I, II, III, IV and V;

c.    The Court enter an Order awarding Plaintiffs all of Defendant's profits from its trademark infringement, copyright infringement and unfair competition with regard to Counts I, II and V;

d.    The Court enter an Order awarding trebling damages, pursuant to 15 U.S.C §1117, as a result of willful and intentional violations by Defendant, with regard to Counts I and II;

e.    The Court enter an Order awarding Plaintiff exemplary damages pursuant to New York Civil Rights Law § 51 with regard to Count III;

f.    The Court enter an Order awarding Plaintiffs punitive damages as a result of Defendant's willful and malicious conduct with regard to Count IV;

g.    The Court enter an Order awarding Plaintiff maximum statutory damages pursuant to 17 U.S.C. § 504(c) with regard to County V;

h.    The Court enter an Order requiring Defendant to pay Plaintiffs their costs, including attorney's fees and other expenses referred to herein in accordance with 15 U.S.C. § 1117 and/or New York Civil Rights Law § 51 and/or 17 U.S.C. § 505; and

i.    The Court enter an Order awarding such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand trial by jury on all issues so triable.


Dated: Garden City, NY
      June 17, 2009

                       MORITT HOCK HAMROFF &
                       HOROWITZ LLP
                       Attorneys for Plaintiffs
                       400 Garden City Plaza
                       Garden City, NY  11530
                       (516) 873-2000

                       By: _____
                            Michael Cardello III, Esq.
                            *Partner of the Firm*

                       and

                       GRAYROBINSON, P.A.
                       KAREN L. STETSON, ESQ.
                       JONATHAN L. GAINS, ESQ.
                       Attorneys for Plaintiffs
                       Pro Hac Vice Motion to Follow
                       1221 Brickell Avenue, Suite 1600
                       Miami,  FL  33131
                       (305) 416-6880

**Exhibit A**



**Exhibit B**











New Updates

**ALL MODELS ARE ATLEAST 18 & OVER**, posted on 08 Aug 2006

Civil Action No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS JAMES JACKSON, III
p/k/a 50 CENT, TOMORROW
TODAY ENTERTAINMENT INC.,
a New York corporation, and
G-UNIT RECORDS, INC., a New York
corporation,

        Plaintiffs,

    v.

LEE Q. ODENAT, a/k/a "Q," d/b/a
WWW.WORLDSTARHIPHOP.COM,

        Defendant.

## **COMPLAINT**

**MORITT HOCK HAMROFF & HOROWITZ LLP**
*Attorneys for Plaintiffs*
400 GARDEN CITY PLAZA, SUITE 202
GARDEN CITY, NEW YORK 11530
(516) 873-2000