UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                  :

CURTIS JAMES JACKSON III             :
p/k/a 50 CENT, TOMORROW TODAY
ENTERTAINMENT, INC., a New York    :
corporation, and G-UNIT RECORDS, INC.,
a New York corporation,                  :

                                      :   Case No. 09-CV-5583
           Plaintiffs,             :
                                      :   **Answer to Complaint**

vs.                                        :

LEE Q. ODENAT a/k/a "Q" d/b/a       :
WWW.WORLDSTARHIPHOP.COM,

           Defendant.            :

------------------------------------------------------------x

      Defendant Lee Q. Odenat d/b/a www.worldstarhiphop.com ("Odenat"), by and through his attorneys, Zarin & Associates P.C., answers Plaintiffs Curtis James Jackson III, Tomorrow Today Entertainment, Inc. and G-Unit Records, Inc.'s (collectively "Plaintiffs") Complaint as follows:

### NATURE OF THE ACTION

    1.     Defendant denies the allegations contained in paragraph 1 of the Complaint that Defendant's alleged use of Plaintiff's image, G-Unit trademark and copyrighted materials was unauthorized, but admits all other allegations contained in this paragraph.

## THE PARTIES

2. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5. Defendant denies the allegation contained in paragraph 5 that he is a resident and citizen of Pennsylvania, but admits all other allegations contained in this paragraph.

## JURISDICTION AND VENUE

6. Defendant denies the allegations contained in paragraph 6 of the Complaint that this Court has subject matter over this action pursuant to 28 U.S.C. §1332(a) and subject matter over Plaintiffs' supplemental state law claims under 28 U.S.C. §1338(b), but admits all other allegations contained in this paragraph.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

9. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

## DEFENDANT'S INFRINGING ACTIVITIES

22. Defendant admits the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendants admits the allegation contained in paragraph 31 of the Complaint that he is familiar with 50 Cent and the G-Unit trademark, but denies all other allegations contained in this paragraph.

32. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint.

## COUNT I

### Violation of Section 32 of the Lanham Act

### Infringement of Federal Trademarks

33. Defendant repeats and realleges each and every response contained in paragraphs 1 through 32 of this Answer as if fully set forth herein.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

## COUNT II

### Violation of Section 43(a) of the Lanham Act
### Federal Unfair Competition/False Advertising

43. Defendant repeats and realleges each and every response contained in paragraphs 1 through 32 of this Answer as if fully set forth herein.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

## COUNT III

### Violation of New York Civil Rights Law

50. Defendant repeats and realleges each and every response contained in paragraphs 1 through 32 of this Answer as if fully set forth herein.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

## COUNT IV

### Common Law Unfair Competition

59. Defendant repeats and realleges each and every response contained in paragraphs 1 through 32 of this Answer as if fully set forth herein.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

## COUNT V

### Federal Copyright Infringement

64. Defendant repeats and realleges each and every response contained in paragraphs 1 through 32 of this Answer as if fully set forth herein.

65. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Complaint.

66. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over Plaintiffs' state law claims.

### Third Affirmative Defense

The Court lacks personal jurisdiction over Defendant.

### Fourth Affirmative Defense

Plaintiffs lack standing to bring their claim for copyright infringement.

### Fifth Affirmative Defense

Plaintiffs' claim for copyright infringement is barred by the statute of limitations.

### Sixth Affirmative Defense

Plaintiffs' claim for copyright infringement is barred by laches.

### Seventh Affirmative Defense

Plaintiffs lack the necessary ownership rights to bring their copyright infringement claim.

### Eighth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of fair use.

### Ninth Affirmative Defense

Plaintiffs' trademark and unfair competition claims are barred by the doctrine of nominative fair use.

### Tenth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of license.

### Eleventh Affirmative Defense

Plaintiffs are estopped from asserting their claims.

### Twelfth Affirmative Defense

Plaintiffs have waived their rights to assert their claims.

### Thirteenth Affirmative Defense

Plaintiffs have acquiesced to Defendant's conduct.

### Fourteenth Affirmative Defense

Plaintiffs are barred from asserting their claims due to their unclean hands.

WHEREFORE, Defendant demands a judgment dismissing Plaintiffs' Complaint, along with an award of costs, disbursements and reasonable attorney fees, in addition to such other relief as this Court deems just and proper.

Dated: July 28, 2009

By: *[signature]*
Scott Zarin, Esq. (SZ 7134)
Zarin & Associates P.C.
1790 Broadway, 10th Floor
New York, NY 10019
Tel:   (212) 580-3131
Fax:   (212) 580-4393

Attorneys for Defendant
Lee Q. Odenat d/b/a
www.worldstarhiphop.com