UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CASE NO. 1:09-CIV-05583 (JFK) (GWG)

CURTIS JAMES JACKSON, III
p/k/a 50 CENT, TOMORROW
TODAY ENTERTAINMENT INC.,
a New York corporation, and
G-UNIT RECORDS, a New York
corporation,

        Plaintiffs,

v.

LEE Q. ODENAT, a/k/a "Q," d/b/a
WWW.WORLDSTARHIPHOP.COM,

        Defendant,

v.

YVES MONDESIR,

        Third-Party Defendant.
_____/

## PLAINTIFFS' NOTICE OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs, CURTIS JAMES JACKSON, III p/k/a 50 CENT, TOMORROW TODAY ENTERTAINMENT INC., a New York corporation, and G-UNIT RECORDS, a New York corporation, by and through undersigned counsel, and pursuant to Local Rule 7.1, move for leave to file a Supplemental Complaint herein pursuant to Rule 15(d), Fed.R.Civ.P., and, in connection therewith, to add party defendants herein, pursuant to Rules 19, 20 and 21, Fed.R.Civ.P., and in support thereof, state:

### A. Notice of Motion Pursuant to Rules 15(d), 19, 20 and 21, Fed.R.Civ.P. for Leave to File Supplemental Complaint

Plaintiffs give notice of moving this Court for the entry of an order pursuant to Rule 15(d) of the Federal Rules of Civil Procedure permitting Plaintiffs to file and serve a Supplemental Complaint setting forth certain events that have occurred since the filing of the original Complaint and, in connection with the Supplemental Complaint, to add as parties Defendant in this cause WORLDSTAR HIP HOP, INC., WORLDSTAR, LLC, WSHH337, LLC, and JOHN DOE LLC(S)/CORPORATION(S), pursuant to Rules 19, 20 and 21 of the Federal Rules of Civil Procedure. A copy of the proposed Supplemental Complaint is attached hereto as Exhibit A.

### B. Memorandum of Law

The purpose of the Supplemental Complaint is to address events which have occurred since the filing of the original Complaint. Specifically, Defendant Odenat's recent formation, since the filing of the original Complaint herein, of the entities WORLDSTAR HIP HOP, INC., WORLDSTAR, LLC, and WSHH337, LLC, directly impacts upon assets relevant to this action (in which Plaintiffs seek, *inter alia*, exemplary and punitive damages) and upon the ability to provide the injunctive relief which Plaintiffs seek.[1]

The originally named Defendant herein is Lee Q. Odenat, who owns and operates a hip-hop related website known as Worldstarhiphop.com. The underlying claims in this case against Defendant Odenat are based upon Defendant's unauthorized use of Plaintiff's image and copyrighted material on his website and include: (1) violation of the Lanham Act and New

---

[1] Additionally, the proposed Supplemental Complaint names "JOHN DOE LLC(S)/CORPORATION(S)" which refers to any other unrevealed entities formed by Defendant Odenat since the filing of the Complaint herein to which he has transferred any assets in not-for-value transactions and/or operational control of the website www.worldstarhiphop.com.

# 554238 v1                  2

York's Civil Rights Law (right of publicity) for the unauthorized use of Jackson's image; (2) common law unfair competition for the misappropriation of the goodwill associated with Jackson's image and mark; (3) trademark infringement under the Lanham Act (false association), for the unauthorized use of G-UNIT, a valuable trademark owned by Jackson; (4) copyright infringement for the unauthorized use of photographs owned by Jackson. (Complaint, DE 1).

When this case was filed, Mr. Odenat individually owned and operated the website, and was therefore sued as "LEE Q. ODENAT, a/k/a "Q," d/b/a www.worldstarhiphop.com." Discovery herein has revealed that, while this action was pending, Defendant Odenat formed three entities, Worldstar Hip Hop, Inc., Worldstar, LLC, and WSHH337, LLC. Two of these entities were testified to by Odenat and corporate documentation as to all three entities was provided by Odenat in late July, 2011 in response to a specific discovery request asking for "Any and all documents which show, evidence or relate to the formation of, and ownership of www.worldstarhiphop.com at any time, specifically including, but not limited to, documents showing any changes in ownership," after Magistrate Gorenstein had opined that "the transfer by a party of an asset relevant to the lawsuit would potentially support a request for additional factual discovery and an amendment of the complaint to name a new defendant." DE 35, p. 1. Defendant Odenat has testified that he is now operating through the corporation Worldstar Hip Hop, Inc., and that Worldstar LLC is his "current employer."

As noted above, among the relief Plaintiffs seek are injunctive relief, exemplary damages and punitive damages. Defendant Odenat has now formed alter ego entities, to which assets, including the subject website, have apparently been transferred in not-for-value transactions, seeking to manipulate assets to evade the pending exemplary and punitive damages claims, and seeking to place the operation of the subject website in the hands of non-parties while injunctive

relief is being sought. Plaintiffs accordingly, seek leave to file a supplemental complaint concerning these events, and joining Defendant Odenat's newly formed entities as party Defendants so that complete relief may be granted in this matter.

The filing of the Supplemental Complaint and addition of Defendant Odenat's newly formed entities is strongly supported by the Rules and applicable authorities. In pertinent part, Rules 15(d), 19, 20 and 21 provide:

> **Rule 15(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to <u>serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented</u>.
>
> **Rule 19. Required Joinder of Parties**
> (a) Persons Required to Be Joined if Feasible.
> (1) Required Party. **A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction <u>must be joined as a party if:</u>**
> <u>(A) in that person's absence, the court cannot accord complete relief among existing parties</u>;
>
> **Rule 20. Permissive Joinder of Parties**
> (a) Persons Who May Join or Be Joined.
> (2) Defendants. **Persons**--as well as a vessel, cargo, or other property subject to admiralty process in rem--<u>may be joined in one action as defendants if:</u>
> <u>(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and</u>
> <u>(B) any question of law or fact common to all defendants will arise in the action</u>.
>
> **Rule 21. Misjoinder and Nonjoinder of Parties**
>
> <u>On motion or on its own, the court may at any time, on just terms, add</u> or drop <u>a party</u>.

The court has broad discretion in determining whether to allow supplemental pleadings in the interests of judicial economy and convenience. *Jones v. Bernanke*, 685 F. Supp. 2d 31 (D.D.C. 2010). The standard governing motions for leave to file a supplemental pleading is the same as the liberal standard governing motions for leave to amend, and it is well settled that leave to supplement should be freely granted unless it causes undue delay or undue prejudice. *Micron Technology, Inc. v. Rambus Inc*, 409 F. Supp. 2d 552 (D. Del. 2006) (leave to file a supplemental pleading should be freely granted unless it causes undue delay or undue prejudice); *San Luis & Delta-Mendota Water Authority v. U.S. Dept. of Interior*, 236 F.R.D. 491 (E.D. Cal. 2006) (leave to file a supplemental pleading should be freely given); *Weisbord v. Michigan State University*, 495 F.Supp. 1347 (W.D. Mich. 1980) ("Liberality is the rule with regard to supplemental pleadings."). A court should permit a supplemental pleading when a party wishes to include events occurring subsequent to the original pleading that relate to a claim or defense presented in the original pleading; <u>such events need not arise out of the same transaction or occurrence as the original claim, so long as they bear some relationship to the original pleading</u>. *Habitat Educ. Center, Inc. v. Kimbell*, 250 F.R.D. 397 (E.D. Wis. 2008) (emphasis added).

Pursuant to Rule 15(d), supplemental "relief may include the addition of new defendants and new claims, if adequately related to the originally stated claims." *McLean v. Scully*, 1991 WL 274327, at *1 (S.D.N.Y. December 9, 1991). *See also , e.g., Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91 (S.D.N.Y. 2010) (the same standard of liberality applies to motion to add party under Rule 21 as under rule governing leave to amend pleadings) *See also, Chowdhury v.*

*Haveli Rest., Inc.,* 04 Civ. 8627, 2005 WL 1037416 *1-*2 (S.D.N.Y. May 3, 2005) (the same standard of liberality applies under either Rule).[2]

Here, there is no prejudice to any party, and indeed, Plaintiffs would be severely prejudiced if not permitted to supplement their claims. Nor would the Supplemental Complaint cause any undue delay. This matter is not currently set for trial, and any additional discovery would be limited in nature, pertaining only to the newly formed entities and the transfer by Defendant Odenat to them of assets and/or operational control over the website. Discovery as to the underlying claims against Defendant Odenat is closed, and nothing in the Supplemental Complaint would warrant or require discovery as to those issues.

The purpose of a supplemental pleading is to set forth new facts that have occurred since the filing of the original pleading and that affect the controversy and the relief sought; its function is to bring the action "up to date." *Weisbord v. Michigan State University*, 495 F.Supp. 1347 (W.D. Mich. 1980). The proposed Supplemental Complaint is necessary and appropriate to bring this action "up to date" so that Plaintiff is not thwarted from obtaining complete relief. Where a party, by virtue of assignment, possesses a present property or pecuniary interest in the basic subject matter of the action, that is sufficient to constitute them 'indispensable' parties. *Rader v. Manufacturers Cas. Ins. Co. of Philadelphia*, 242 F.2d 419 (2d Cir. 1957). *See also, Escamilla v. Mosher Steel Co.*, 386 F. Supp. 101(S.D. Tex. 1975) (joinder of successor company which had acquired assets so that complete relief could be granted). Indeed, a corporation generally is an indispensable party in any action affecting its rights and liabilities. *See, e. g.,*

---

[2] The Court employed a similar liberal amendment policy when permitting Odenat to join a new party and assert a third-party complaint against Third-Party Defendant Mondesir well into these proceedings, based upon facts that had been available to Defendant from the inception of this matter.

# 554238 v1                              6

*Swan Land and Cattle Co. v. Frank*, 148 U.S. 603, 610, 13 S.Ct. 691, 37 L.Ed. 577 (1893); *Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil, Inc.*, 456 F. Supp. 831, 836 (D.C. Del. 1978).

Moreover, it is appropriate to join alter ego entities and pierce the corporate veil in order to afford complete relief. *Conan Properties, Inc. v. Mattel, Inc.*, 619 F. Supp. 1167 (S.D.N.Y. 1985); *Gidwitz v. Stirco, Inc.*, 646 F. Supp. 825 (N.D. Ill. 1986); *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co..*, 1990 WL 135713 (E.D. Pa. 1990). *See also Sullivan ex rel. Pointer, Cleaners & Caulkers Welfare Pension & Annuity Funds v. West New York Residential, Inc.*, 2003 WL 21056888 (E.D.N.Y.2003) (leave to amend complaint to add defendant's purported alter ego as additional defendant was warranted); *Donovan v. Gillmor*, 535 F.Supp. 154 (N.D. Ohio 1982), (amendment permitted to add newly formed corporation). It is also appropriate to join a party in order to be able to grant injunctive relief. *See, e g., Datastrip Intern. Ltd. v. Intacta Technologies, Inc.*, 253 F.Supp.2d 1308 (N.D. Ga. 2003) (granting motion to add defendant's subsidiaries so they would be subject to injunctive relief),

WHEREFORE, based upon the foregoing, Plaintiffs move the Court for the entry of an order pursuant to Rules 15(d), 19, 20 and 21 of the Federal Rules of Civil Procedure permitting Plaintiffs to file and serve upon defendants a Supplemental Complaint in the form attached hereto, and granting whatever additional relief the Court deems just and proper.

Respectfully submitted,

Michael Cardello , III
Moritt Hock Hamroff & Horowitz LLP
400 Garden City Plaza, Suite 202
Garden City , NY 11530
Ph:   (516) 873-2000
Fax:  (516)-873-2010

and

# 554238 v1                                  7

GrayRobinson, P.A.
*Attorneys for Plaintiffs*
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

By: /s/Karen L. Stetson
Karen L. Stetson
Florida Bar No. 742937
Jonathan L. Gaines
Florida Bar No. 330361

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail to: Scott Zarin, Zarin & Associates, P.C., 1790 Broadway, 10th Floor, New York, NY 10019 and to Jon Damon Jekielek, Law Offices of Jon Jekielek, PLLC, 347 Fifth Avenue, New York, NY 10016 this 23rd day of September, 2011.

By: s/Karen L. Stetson