UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CASE NO. 1:09-CIV-05583 (JFK) (GWG)

CURTIS JAMES JACKSON, III
p/k/a 50 CENT, TOMORROW
TODAY ENTERTAINMENT INC.,
a New York corporation, and
G-UNIT RECORDS, a New York
corporation,

        Plaintiffs,

   v.

LEE Q. ODENAT, a/k/a "Q," d/b/a
WWW.WORLDSTARHIPHOP.COM,

        Defendant,

   v.

YVES MONDESIR,

        Third-Party Defendant.
_____/

### PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
### MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

     Plaintiffs, CURTIS JAMES JACKSON, III p/k/a 50 CENT, TOMORROW TODAY

ENTERTAINMENT INC., a New York corporation, and G-UNIT RECORDS, a New York

corporation, by and through undersigned counsel, and pursuant to Local Rule 7.1, file this Reply

Memorandum in support of their move for leave to file a Supplemental Complaint herein

pursuant to Rule 15(d), Fed.R.Civ.P., and, in connection therewith, to add party defendants

herein, pursuant to Rules 19, 20 and 21, Fed.R.Civ.P., and in support thereof, state:

# 598448 v1

Defendant Odenat spends the vast majority of its opposition memorandum, and the attachments thereto, in a puzzling effort to "establish" that which is explicitly alleged in Plaintiff's proposed Supplemental Complaint, *i.e.*, that the three entities formed by Defendant Odenat "did not even exist" at the time of Defendant Odenant's infringing activity.  Indeed, the whole point of the proposed Supplemental Complaint is that Defendant Odenat subsequently formed these entities, after this action was filed, and has transferred to them both assets which are properly to be considered by the Court in awarding exemplary and punitive damages, and operational control of the Defendant's website, as to which injunctive relief is sought by Plaintiffs as part of the relief in this matter.

Defendant Odenat raises, for the third time, the red herring/straw man argument that these entities could not possibly be liable for the underlying infringement because they did not exist at the time, and therefore the Supplemental Complaint is "futile." These are the very same off-point and incorrect arguments that were raised by Defendant Odenat both in its August 30, 2011 correspondence to the Court, and at the pre-motion conference of September 1, 2011.  In response, the Court clearly indicated that such arguments were unavailing, and that under the liberal standards applicable to supplemental pleadings under Rule 15(d), it was appropriate to allow the filing of the Supplemental Complaint.  There is nothing new in Defendant's response here, only the same incorrect arguments, presented again for purposes of delay.

Defendant Odenat's continuing argument in this regard is not a good faith position and is only premised upon a refusal to acknowledge the actual purpose and contents of the Supplemental Complaint, which by its plain terms does not allege any participation by the newly formed entities in the infringing conduct engaged in by Defendant Odenat before the entities' formation.  Instead, as the prayer for relief of the proposed Supplemental Complaint clearly and

unambiguously sets forth, Plaintiffs are supplementing the prayer for relief herein so that Defendant Odenat may not maneuver a reduced exemplary or punitive damages by transferring assets to other entities formed while the action is pending, and so that the full injunctive relief as to the operation of the website can be granted against those with operational control of the website.  The **prayer for relief** of the Supplemental Complaint states:

> WHEREFORE, **in awarding punitive and exemplary damages herein, the Court should consider all assets of Defendant Odenat, including any such assets transferred subsequent to the filing of this action** to Defendant Odenat's alter-ego entities and should enter judgment against such entites, **and in granting injunctive relief herein the Court should order that such relief is applicable to any of Defendant Odenat's alter-ego entities to whom operational control of the website www.worldstarhiphop.com. has been transferred**, and the Court should grant Plaintiffs whatever additional relief the Court deems just and proper.

The purpose of the Supplemental Complaint is to address events which have occurred since the filing of the original Complaint.  As the Court has recognized, and as the numerous authorities cited in Plaintiff's Motion hold, the standard for allowing such a supplemental pleading is a liberal one.  Here, the proposed supplemental pleading is well justified, and is necessary in order to afford complete relief.

Defendant further argues incorrectly that because parties are to be added, it is not appropriate for the motion to be considered under Rule 15(d).  To the contrary, as stated by this court in *McLean v. Scully*, No. 90-2590, 1991 WL 274327 *1 (S.D.N.Y.  December 9, 1991), it is entirely appropriate for new defendants to be added via a Rule 15(d) supplemental pleading under circumstances such as these:

> **Under Rule 15(d), the district court has discretion to permit a plaintiff "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented**." Fed.R.Civ.P. 15(d). As noted by Prof. Moore, "Rule 15(d) limits a supplemental pleading to the presentation of subsequent matter related to the claim or defense presented in the original pleading." 3 James Wm. Moore &

3

Richard D. Freer, Moore's Federal Practice ¶ 15.16[1] at 15–176 (2d ed.1991). **Such relief may include the addition of new defendants** and new claims, if adequately related to the originally stated claims. See, e.g., id. at 15–176 to 178; id., ¶ 15.16[3] at 15–183.

*See also, Rodriguez v. Conway*, No. 10-6243L, 2011 WL 4829725 *1 (W.D.N.Y. September 6, 2011) ("Supplemental relief may include the addition of new defendants," permitting supplemental complaint under Rule 15(d) adding new party).

There is no point to Defendant's argument, in any event.  Defendant argues that the Rule 15(a) standard should apply, but as established by the numerous authorities cited, and as the Court has already expressed, the same liberal standard applies under either rule.  Moreover, this is the same liberal standard argued by Odenat when he sought, and was granted leave, to add a third-party defendant years after the case was commenced based on facts that were known to Odenat long before the case was filed.  Apparently, Odenat does not believe in reciprocity, even if it is Odent's post-suit activities that necessitate the Supplemental Complaint.

Defendant admits that these entities were all formed after the complaint herein was filed, and that the details of Defendant Odenat's transfer of assets and operational control over the website to these entities remain to be determined via discovery.[1]  In another red herring/straw man argument, Defendant Odenat consistently misstates that Plaintiffs seek to add these entities to ensure or aid in the "*collection*" of a judgment.  Defendant Odenat's incorrect argument scrupulously avoids addressing that the explicit allegations and prayer for relief state that the assets transferred by Odenat during this action must be taken into consideration *to determine*

---

[1]  Defense counsel innocuously refers to this as a "fact dispute," but it is a fact dispute of Odenat's own making since he has testified inconsistently on this matter and the confusion and inconsistency is now being perpetuated by counsel.  Plaintiffs' counsel offered to take discovery on these issues prior to lodging this supplemental complaint in an attempt to avoid the process altogether if the issues could be clarified in a consistent fashion, but that offer was rebuffed. Odenat's counsel insists that the three corporations at issue actually "serve no purpose at all," making resistance to joinder even further perplexing.

*amount of punitive and exemplary damages*, and that the assets are being transferred and manipulated to try to avoid such damages.

Moreover, since operational control of the website is alleged to have been transferred to these entities, one of whom Defendant Odenat testified he is now operating through, and another of whom he has testified is his "current employer," their addition is necessary and appropriate so that complete injunctive relief can be obtained.  Indeed, Defendant Odenat admits, as he must, that injunctive relief is a basis to add indispensible parties so that complete relief can be granted, and even cites *Rose v. Simms*, No. 95-1466, 1995 WL 702307 *3 (S.D.N.Y. November 29, 1995) for the proposition that, "Courts are most likely to rule that complete relief may not be accorded among the parties present in circumstances where the absent party plays a significant role in the provision of some form of injunctive relief."  *See also, Associated Dry Goods Corp. v. Towers Financial Corp.*, 920 F.2d 1121 (2d Cir. 1990) (adding "necessary party" per Rule 19(a) so that "full injunctive relief" could be obtained).

Defendant's only argument is again "futility," based on Defendant's claim that the infringements have ceased.  An injunction, of course, relates to future activity, and injunctive relief to prevent the further infringement of Plaintiffs' rights is explicitly part of the relief Plaintiffs seek herein.  For such an injunction to be effective, it must reach entities to whom operational control of the website has been transferred, and the Supplemental Complaint will allow for such relief to be afforded in a meaningful way.

In short, the proposed Supplemental Complaint is entirely in keeping with the provisions of Rule 15(d), concerns only matters which have occurred since the action was filed, will not cause undue delay or prejudice, will not require or justify any additional discovery on the underlying claims as to which discovery is closed, and is necessary in order to afford complete

5

relief herein.  Based upon the above, and the liberal standards clearly applicable to such

supplemental pleadings, the Court should grant Plaintiffs' motion and permit the filing of the

proposed Supplemental Complaint.

Respectfully submitted,


Michael Cardello , III
Moritt Hock Hamroff & Horowitz LLP
400 Garden City Plaza, Suite 202
Garden City , NY 11530
Ph:     (516) 873-2000
Fax:    (516)-873-2010

and

GrayRobinson, P.A.
*Attorneys for Plaintiffs*
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887


By: /s/Karen L. Stetson
Karen L. Stetson
Florida Bar No. 742937
Jonathan L. Gaines
Florida Bar No. 330361


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

via the CM/ECF systemil to: Scott Zarin, Zarin & Associates, P.C., Zarin & Associates, P.C.,

1700 Broadway, Suite 3100, New York, NY  10019 and to Jon Damon Jekielek, Law Offices of

Jon Jekielek, PLLC, 347 Fifth Avenue, New York, NY 10016 this 4th day of November, 2011.


By:     s/Karen L. Stetson

7