**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
CURTIS JAMES JACKSON, III, p/k/a     :
50 CENT, TOMORROW TODAY              :
ENTERTAINMENT, INC., and G-UNIT      :
RECORDS,                             :
                                     :
                        Plaintiffs,  :
                                     :    09 Civ. 5583 (JFK) (AJP)
     -against-                       :
                                     :         **OPINION & ORDER**
LEE Q. ODENAT, a/k/a "Q," d/b/a      :
WWW.WORLDSTARHIPHOP.COM,             :
                                     :
  Defendant/Third-Party Plaintiff,   :
                                     :
     -against-                       :
                                     :
YVES MONDESIR,                       :
                                     :
          Third-Party Defendant.     :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   02/14/2012

APPEARANCES

    For Plaintiffs Curtis James Jackson, III, Tomorrow Today
    Entertainment, Inc., and G-Unit Records:

        MORITT HOCK HAMROFF & HOROWITZ LLP
        400 Garden City Plaza, Suite 202
        Garden City, NY 11530
        By:  Michael Cardello, III, Esq.

        GRAYROBINSON, P.A.
        1221 Brickell Avenue, Suite 1600
        Miami, FL 33131
        By:  Karen L. Stetson, Esq.
            Jonathan L. Gaines, Esq.

    For Defendant Lee Odenat:

        ZARIN & ASSOCIATES P.C.
        1700 Broadway, Suite 3100
        New York, NY 10019
        By:  Scott Zarin, Esq.

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN, United States District Judge:**

This action arises from defendant Lee Odenat's ("Odenat") allegedly unauthorized use of the likeness and the intellectual property of plaintiff Curtis Jackson ("Jackson"), and intellectual property of Tomorrow Today Entertainment Inc. ("Tomorrow Today") and G-Unit Records, Inc. ("G-Unit Records") (with Jackson, "Plaintiffs") on Odenat's website, www.WorldStar-HipHop.com. Before the Court is Plaintiffs' motion under Rule 15(d) of the Rules of Civil Procedure to file a supplemental pleading against Odenat and a number of business entities he formed after this action was filed. For the reasons set forth below, Plaintiffs' motion is granted.

## I.  Background

**A.   Infringement Allegations**

Jackson is a hip-hop artist professionally known as "50 Cent." In addition to his solo albums, Jackson has released a number of albums as a member of the hip-hop group "G-Unit." He serves as the President of G-Unit Records, which produces and markets G-Unit's music and the music of its members. He also serves as President of Tomorrow Today, which owns and operates the website www.thisis50.com, which covers Jackson, G-Unit, and the hip-hop industry.

Plaintiffs allege that Odenat violated their intellectual property rights, used Jackson's image without permission, and

- 2 -

misled the public into believing Odenat's website, WorldStar-HipHop.com was associated with or endorsed by Jackson and G-Unit Records. The allegedly infringed intellectual property includes the "G-Unit" trademark and artwork from two albums released by G-Unit members other than Jackson.

Odenat admits displaying images of Jackson and the term "G-Unit" on WorldStarHipHop.com, but contends that Yves Mondesir ("Mondesir"), a disc jockey employed by Plaintiffs, granted him permission to use Plaintiffs' intellectual property, and that in doing so was acting as the Plaintiffs' agent.

**B.   Procedural History of this Action**

Plaintiffs commenced this action on June 18, 2009. They seek money damages from and injunctive relief against Odenat under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), the Copyright Act, 17 U.S.C. §§ 501-05, and Sections 50 and 51 of the New York Civil Rights Law. Plaintiffs also seek money damages from Odenat for unfair competition under the common law of New York.

In his Answer filed on July 28, 2009, Odenat raises a number of affirmative defenses, including that Plaintiffs' claims are barred by the doctrines of fair use and license. At the initial pretrial conference held on September 16, 2009, the Court entered the pretrial scheduling order required by Civil Rule 16(b)(1), which set December 15, 2009, as the deadline for

- 3 -

both amendment of pleadings and additional joinder of parties. After several months of discovery, Odenat sought to file a third-party complaint against Mondesir. Though they initially opposed Odenat's motion, Plaintiffs eventually consented to the filing of the third-party complaint, and Mondesir was joined as a third-party defendant.

In November 2011, Plaintiffs filed the instant motion to file a supplemental pleading to add additional allegations against Odenat and a group of business entities, which include Nevada corporation Worldstarhiphop, Inc. and Delaware limited liability companies Worldstar, LLC and WSHH337, LLC. In the supplemental pleading, Plaintiffs also name as defendants "John Doe LLC(s)/Corporation(s)." (Pl.'s Mem. in Supp. Mot. for Leave to File Supp. Compl. Ex A, Supp. Compl. 1.)

**C.   Allegations That Plaintiffs Seek to Include in a Supplemental Pleading**

In July 2011, Plaintiffs requested that Odenat produce "all documents which show, evidence or relate to the formation of, and ownership of, www.worldstarhiphop.com at any time, specifically including, but not limited to, documents showing any changes in ownership." In response to this request, Odenat indicated in late July 2011 that he formed Worldstarhiphop, Inc., Worldstar, LLC, and WSHH337, LLC at various points after the commencement of this litigation. Worldstarhiphop, Inc. now

owns and maintains www.WorldStarHipHop.com, and Odenat has claimed that Worldstar, LLC is his employer.  Plaintiffs allege that Odenat created these entities and transferred assets (including www.WorldStarHipHop.com) to them in "not-for-value transactions" to avoid a full accounting of his assets or any injunction that Plaintiffs might obtain against Odenat through this action.

In the Supplemental Complaint, Plaintiffs seek relief against Worldstarhiphop, Inc., Worldstar, LLC, and WSHH337, LLC on the theories that:  (1) these entities are liable for the claims against Odenat stated in Plaintiff's Complaint as his "alter ego;" and (2) Odenat and these entities engaged in a fraudulent transfer of assets. (Suppl. Compl. ¶¶ 5-7.)

## II.  Discussion

**A. Legal Standards**

   **1.  Standard Governing Motion to File a Supplemental Pleading**

Under Rule 15 of the Federal Rules of Civil Procedure, district courts "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion [to

file a supplemental pleading] should freely be granted." Quarantino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995). However, one exception to this liberal standard is found in Civil Rule 16, which states that a pretrial scheduling order should be modified only upon a showing of "good cause." Fed. R. Civ. P. 16(b)(1), (4).  Where the filing of a supplemental pleading would require the modification of a scheduling order issued pursuant to Civil Rule 16, the "lenient standard under [Civil Rule 15] . . . must be balanced against the requirement under [Civil Rule 16] that the Court's scheduling order shall not be modified except upon a show of good cause." Holmes v. Grubman, 568 F.3d 329, 334–35 (2d Cir. 2009) (quoting Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003)); see also Lincoln v. Potter, 418 F. Supp. 2d 443, 454 (S.D.N.Y. 2006). The diligence of the moving party is the touchstone of "good cause" under Civil Rule 16. Holmes, 568 F.3d at 335.

    2.    **Standard Governing the Permissive Joinder of Parties**

Under Civil Rule 20, a plaintiff may join a number of persons as defendants in one action so long as two conditions are satisfied:  (1) "any right to relief is asserted against such persons . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P.

20(a)(2)(A)-(B). This is not an exacting standard; misjoinder of defendants under Civil Rule 20(a)(2) occurs only where a plaintiff fails to show any connection between allegations leveled against the persons named as defendants in one action. See, e.g., Nassau Cty. Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co., 497 F.2d 1151, 1154 (2d Cir. 1974) (finding misjoinder under Civil Rule 20 where plaintiff failed to allege a connection between the allegedly unlawful "practices engaged in by each of the 164 [named] defendants").

**B.  Application**

The substantive allegations contained in Plaintiffs' proposed Supplemental Complaint all relate to events that took place after Plaintiffs commenced this action in June 2009. Plaintiffs state that they were unaware of formation of Worldstarhiphop, Inc., Worldstar, LLC, and WSHH337, LLC until July 2011, and Plaintiffs first sought to bring the instant motion August 2011. Balancing the liberal Civil Rule 15 standard against the good-cause requirement contained in Civil Rule 16, the Court finds that Plaintiffs have made the requisite showing of good cause because they were diligent in their attempts to include the allegations of their proposed Supplemental Complaint.

In opposing Plaintiffs' motion to file a supplemental pleading, Odenat does not object to the addition of allegations

against him in the Supplemental Complaint. (See Df.'s Mem. in Opp. to Pls.' Mot. for Leave to File Supp. Compl. 6-7.) Rather, Odenat's opposition is based on the addition of Worldstarhiphop, Inc., Worldstar, LLC, and WSHH337, LLC as defendants. (See id. at 7-8, 9-12.) Odenat raises three arguments against the addition of these business entities as parties to this litigation. First, Odenat argues that Civil Rule 15(d) does not permit the addition of parties as defendants. He next argues that his business entities cannot be added under Civil Rule 19. Finally, Odenat argues that the proposed Supplemental Complaint fails to state a claim against the entities he has formed. Even assuming that Odenat has standing to raise these objections, each of his arguments misses the mark.

Courts in the Second Circuit routinely permit the addition of parties through the filing of a supplemental pleading pursuant to Civil Rule 15(d). See, e.g., McClean v. Scully, No. 90 Civ. 2590 (SWK), 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991) (recognizing that relief under Civil Rule 15(d) "may include the addition of new defendants and new claims, if adequately related to the originally stated claims"); see also 6A Wright & Miller, Federal Practice & Procedure § 1504 (3d ed. Supp. 2011) ("Litigants also have been allowed to supplement their original pleadings to include new parties when events make it necessary to do so.").

While Odenat cites a number of cases in support of a contrary position, a careful reading of these cases reveals that they do not advance Odenat's argument.  For example, in <u>Frank v. U.S. West, Inc.</u>, the United States Court of Appeals for the Tenth Circuit held that a particular motion to supplement, which included additional parties, was "actually a motion to amend" because the proposed additional allegations did not involve "transactions or occurrences which [had] happened since the date of the pleading" which the movant in that case was trying to amend. 3 F.3d 1357, 1365 (10th Cir. 1993).  Nowhere in <u>Frank v. U.S. West, Inc.</u> does the Tenth Circuit adopt a <u>per se</u> rule classifying any motion to file a supplemental pleading as a motion under Civil Rule 15(a).  Odenat misconstrues the other cases cited in his opposition memorandum in a similar fashion.

Odenat alternatively argues that Plaintiffs should not be permitted to file the proposed supplemental pleading because the business entities Plaintiffs seek to join are not indispensible parties within the meaning of Civil Rule 19.  Though Plaintiffs rely on the "indispensible party" language of Civil Rule 19 in order to support the joinder of Worldstarhiphop, Inc., Worldstar, LLC, and WSHH337, LLC, Civil Rule 19 operates merely as "an exception to the general practice of giving plaintiff the right to decide who shall be the parties to a lawsuit." Wright & Miller, <u>supra</u>, § 1602.  Civil Rule 19 enables district courts to

- 9 -

protect the interests of parties other than a plaintiff as well as non-parties to a civil action, but neither narrows nor widens the scope of parties permitted to be joined in a single action by a plaintiff. See id.  As discussed above, Civil Rule 20 defines what persons or property can be joined by a plaintiff as defendants in a single action.  Failure to meet the qualifications of Civil Rule 19 is therefore not a proper basis for denying joinder of a party as a defendant when joinder is proper under Civil Rule 20.

Here, Odenat does not contend that joinder of Worldstarhiphop, Inc., Worldstar, LLC, and WSHH337, LLC pursuant to Civil Rule 20 would be improper.

Finally, Odenat argues that Plaintiffs' motion should be denied because the filing of their proposed pleading would be "futile."  Odenat argues that the Supplemental Complaint is futile because it fails to state a claim against the business entities for copyright infringement, trademark infringement, or violation of privacy rights.  Yet, as Odenat admits in his memorandum, "Plaintiffs do not even allege, in their proposed supplemental pleading, that Defendant Odenat's newly formed entities . . . infringed their copyright or trademarks." (Df.'s Mem. in Opp. to Pls.' Mot. for Leave to File Supp. Compl. 11.) In the Supplemental Complaint, Plaintiffs level essentially the same claim against the business entities that they level against

- 10 -

Odenat: that they engaged in a "fraudulent transfer of assets" in order to assist Odenat in avoiding the claims being made in this action. (Supp. Compl. ¶ 7.) Odenat puts forth no reasoned argument explaining why this fraudulent transfer claim does not serve as a basis of liability against the business entities. Without making any ruling on the ultimate merits of Plaintiffs' claim, the Court cannot declare the claim futile at this stage of the litigation.

Odenat recognizes in his opposition memorandum that a transfer of "the website assets to a third-party," can indeed serve as a basis of liability when he admits that a fraudulent transfer to a third party could warrant the joinder of the third party. Though Odenat contends otherwise, there is no relevant distinction between Odenat's business entities (whom he argues may not properly be joined) and other third parties to whom one might transfer assets (whom he admits might properly be joined). When formed according to state law, a corporation becomes a legal person distinct from its promoters, shareholders, directors, and officers; indeed, it is a "basic tenet of American corporate law . . . that the corporation and its shareholders are distinct entities." Dole Food Co. v. Patrickson, 538 U.S. 468, 474 (2003); see also Comm'r of Internal Revenue v. Schaefer, 240 F.2d 381, 383 (2d Cir. 1957) (adopting a lower court's holding that "a corporation is an

entity separate and apart from its stockholders, and where an individual . . . seeks the benefits of the corporate from or method for the ownership and conduct of a business, he . . . may not ignore the presence or existence of the corporation, in order to avoid the disadvantages."). Limited liability companies too are entities distinct from their promoters and members, see Kronenberg v. Katz, 872 A.2d 568, 605–06 (Del. Ch. 2004) (holding that the promoter of an LLC was not a party to the formation agreement between its members and the LLC), despite the fact that the personhood of such entities is not recognized for all legal purposes, see, e.g., White Pearl Inversiones S.A. v. Cemusa, Inc., 647 F.3d 684, 686 (7th Cir. 2011) ("[L]imited liability companies, and similar organizations . . . are disregarded for jurisdictional purposes.").

Legally, Odenat's attempt to distinguish the allegations in the Supplemental Complaint from a hypothetical fraudulent transfer made to a wholly independent third party lacks merit. As a practical matter, Odenat has presented no assurance that he will maintain his status as sole owner and operator of these business entities throughout the course of this action. As separate legal entities in possession of assets relevant to this action through a fraudulent conveyance, Worldstarhiphop, Inc., Worldstar, LLC, and WSHH337, LLC are properly named as

defendants in the Supplemental Complaint and may be joined in this action.

Finally, the Court notes that Odenat raises no objection to the naming of "John Doe LLC(s)/Corporation(s)" in the Supplemental Complaint.

### III. Conclusion

For the foregoing reasons, Plaintiffs have shown good cause to permit the modification of the Court's scheduling order entered on September 16, 2009. Plaintiffs' motion to file their proposed Supplemental Complaint is therefore granted. The Clerk of Court is directed to close the open motion at Docket No. 39.

The Court will hold a status conference in this case on Tuesday, May 29, 2012, at 11:45 a.m. in Courtroom 20-C of the Daniel Patrick Moynihan United States Courthouse.

**SO ORDERED.**

Dated:   New York, New York
         February 14, 2012

                                    _____
                                         JOHN F. KEENAN
                                    United States District Judge