copyright infringement should be dismissed pursuant to the statute of limitations for copyright claims, 17 U.S.C. §507(b), because Defendant filed this claim more than three (3) years after it accrued. Mondesir is simply wrong.

As Mondesir notes, "[a] cause of action [under the Copyright Act] accrues when a plaintiff knows or has reason to know of the injury upon which the claim is premised." *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996); see also *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992). Importantly, "[c]ontributory infringement necessarily must follow a finding of direct or primary infringement." *Cable/Home Communication Corporation v. Network Productions, Inc.*, 902 F.2d 829, 845 (11th Cir. 1990); see also *Faulkner v. National Geographic Enterprises, Inc.*, 409 F.3d 26, 40 (2d Cir. 2005) ("[T]here can be no contributory infringement absent actual infringement."); *Levine v. Elliott Landy & Landyvision, Inc.*, 832 F. Supp.2d 176, 186 (N.D.N.Y. 2011) ("However, the fact or intention of a direct infringement must be alleged and ultimately proven."); *Warner Bros. Entertainment, Inc. v. Twentieth Century Fox Film Corporation*, 526 F. Supp.2d 261, 268 (S.D.N.Y. 2007) ("However, there can be no contributory infringement without the fact or intention of a direct infringement.")

Because a finding of 'direct infringement' is a predicate to a finding of 'contributory infringement, in order for his cause of action for 'contributory copyright infringement' to have accrued, Defendant must have known or had reason to have known that Plaintiffs were asserting a claim against him for 'direct copyright infringement'. Contrary to Mondesir's assertions, Defendant did not have *either* knowledge *or* any reason to know that Plaintifffs were asserting a claim against him for 'copyright infringement' until Plaintiffs filed their complaint against him in June 2009.

Between 2005 and March 2009, Defendant displayed three (3) separate and distinct mastheads on his website, www.worldstarhiphop.com: (1) from 2005 through around mid-

2006, his masthead contained images of Plaintiff Jackson, Lil Wayne, Jim Jones, Mondesir (DJ Whoo Kid), Jay Z, Young Jeezy and Chamillionaire (Odenat Dec., ¶9); (2) from around mid-2006 through April 2007, his masthead contained images of Plaintiff Jackson, Young Buck, Tony Yayo, Lloyd Banks and DJ Whoo Kid (Odenat Dec., ¶11); and (3) from around January 2008 through March 2009, his masthead contained images of a variety of hip-hop musical artists, one of which was a profile of Plaintiff Jackson (Odenat Dec., ¶17).

In their complaint in this action, Plaintiffs allege that the *second* of these three mastheads, which was displayed on www.worldstarhiphop.com from around mid-2006 through April 2007, contained images in which they own copyrights; these images are those of Tony Yayo and Lloyd Banks. (D.E. 1, Complaint, ¶26). Before filing their complaint, Plaintiffs never made any demand, or even reference, with respect to this second masthead which contained the allegedly copyrighted images of Yayo and Banks. Mondesir alleges that Plaintiffs made such demands in 2007. In doing so, Mondesir butchers and twists the facts beyond recognition.

On March 12, 2009, Plaintiffs' transactional counsel, Theodor K. Sedlmayr ("Sedlmayr"), wrote a letter to Defendant in which he demanded that he cease and desist from displaying, on www.worldstarhiphop.com, the masthead which was then on the website site containing a profile of Plaintiff Jackson along with a variety of other hip-hop artists; that is, the *third* masthead. (Supp. Odenat Dec., Exh. AA) Indeed, Mr. Sedlmayr attached to his letter a copy of this *third* masthead, containing a profile of Plaintiff Jackson, and indicated in the letter that he believed it had been displayed on the website since December 19, 2007. As the letter clearly indicated, Mr. Sedlmayr sent this letter to Defendant both via U.S. Mail and e-mail, to worldstarhiphop23@gmail.com. (Supp. Odenat Dec., Exh. AA)

Defendant was questioned about this letter during a deposition conducted by Plaintiffs' counsel, on June 11, 2010, and by Mondesir's former counsel Jon Jekieliek, Esq., on May 3, 2011. During his June 11, 2010 deposition conducted by Plaintiffs' counsel, Defendant explained that he displayed the image of the profile of Plaintiff Jackson (produced by Defendant as Bates No. 3) on www.worldstarhiphop.com from around January 2008 through March 2009 when he received, vie e-mail, the noted cease and desist letter from Mr. Sedlmayr. (Odenat Depo. [6/11/10], pp. 18-24)(Second Supp. Zarin Dec., Exh. A-1) During his May 3, 2011 deposition, Mondesir's former counsel asked Defendant when he ceased employing the 'banner format' (i.e. mastheads) on www.worldstarhiphop.com. (Odenat Depo. [5/3/11] p. 24, 54) Defendant indicated that he ceased using mastheads on his website at the time he received the cease and desist letter from Plaintiffs' counsel, Theodor Sedlmayr. In responding to this question, at first Defendant indicated that he received Plaintiffs' cease and desist letter in 2007 and that this was the year he therefore must have ceased using mastheads on the website. After being presented with, and examining, the cease and desist letter which Mr. Sedlmayr wrote to him on March 12, 2009, which he had previously seen during his June 11, 2010 deposition, Defendant realized he had misspoken and corrected his error, indicating that he ceased using mastheads on the website in March 2009. (Odenat Depo. [5/3/11] pp. 24-27) (Odenat Depo. [6/11/10], pp. 22-23, 103-104)

By alleging that Defendant stated that he received an e-mail from Mr. Sedlmayr in 2007, Mondesir attempts to capitalize on Defendant's inadvertent misstatement, which he subsequently corrected, during his May 3, 2011 deposition. It is undisputed that Defendant received only *one* cease and desist communication from Plaintiffs; that is, Mr. Sedlmayr's

5

March 12, 2009 letter. He *never* received any communication from Mr. Sedlmayr in 2007 or at any other time. (Supp. Odenat Dec., ¶¶2-10)

Indeed, Plaintiffs themselves have never asserted that they communicated with Defendant about his use of Plaintiff Jackson's image or 'G-Unit' trademark prior to March 2009. (Und. Facts, ¶¶87, 88, 90) In fact, during his deposition, Plaintiff Jackson expressly indicated that he did not do so. (Und. Facts, ¶87) And as previously noted, in their March 2009 cease and desist letter, Plaintiffs *only* demanded that Defendant cease and desist displaying his *third* masthead; that is, the masthead containing an image of a profile of Plaintiff Jackson superimposed atop other hip-hop artists which was displayed on www.worldstarhiphop.com from around January 2008 through March 2009. (Supp. Odenat Dec., Exh. AA)

The first time Plaintiffs indicated, in any way, that they were seeking a remedy for Defendant's use of his *second* masthead, which contained the allegedly copyrighted images of Yayo and Banks and which was displayed on www.worldstarhiphop.com from around mid-2006 through April 2007, was in their complaint in June 2009, in which they asserted a claim against Defendant for this use. Consequently, until June 2009, Defendant had no knowledge or reason to know that Plaintiffs believed he had infringed their alleged copyrights, and therefore that he could or should file a 'contributory copyright infringement' claim against Mondesir. Accordingly, Defendant's 'contributory copyright infringement' claim did not accrue until June 2009. Defendant filed this claim against Mondesir in October 2010, well within the three (3) year statute of limitations of the Copyright Act.

    2.  **Defendant's Contributory Trademark Infringement Claim Is Not Barred By The Doctrine of Laches**

To the extent Defendant may be found liable to Plaintiffs on their trademark infringement claim, under 15 U.S.C. §1114(1), false adverting and unfair competition, under

6

15 U.S.C. §1125(a), and unfair competition claim, under New York common law, Defendant has asserted a claim against Mondesir for 'contributory trademark infringement'. Mondesir contends that Defendant's contributory trademark infringement claim should be dismissed, as it relates to Plaintiffs' claim for trademark infringement under 15 U.S.C. §1114(1), on the ground that laches bars this claim.

In *Black Diamond Sportswear, Inc. v. Black Diamond Equipment, Ltd.*, the Second Circuit explained

> Because the Lanham Act establishes no limitations period and because no corresponding federal statute of limitations exists, we look to the most appropriate or the most analogous state statute of limitations for laches purposes. The statute, in turn, determines which party has the burden of proving or rebutting the laches defense.

> [P]rior to the running of the most closely analogous state statute of limitations there is no presumption of laches and the burden remains on the defendant to prove the defense. Alternatively, once the analogous statute has run, a presumption of laches will apply and plaintiff must show why the laches defense ought not be applied in the case.

*Black Diamond Sportswear, Inc. v. Black Diamond Equipment, Ltd.*, 2007 U.S. App. LEXIS 23515 at *3 (October 5, 2007 2d Cir.) (citations omitted). Moreover, a plaintiff is not "obligated to sue until its right to protection has ripened such that plaintiff knew or should have known, not simply that defendant was using the potentially offending mark, but that plaintiff had a provable infringement claim against defendant." *Profitness Physical Therapy Center v. Pro-Fit Orthopedic and Sports Physical Therapy P.C.*, 314 F.3d 62, 70 (2d Cir. 2002).

As the Second Circuit has explained, in *Conopco, Inc. v. Campbell Soup Company*, "[b]ecause it is clear that both intent and fraud play an important role in all Lanham Act claims," New York's six (6) year statute of limitations for fraud, N.Y.C.P.L.R. 213(8), is the analogous applicable statute of limitations for all Lanham Act claims. *Conopco, Inc. v. Campbell Soup Company*, 95 F.3d 187, 191 (2d Cir. 1996). "In order to prevail on the affirmative

7

defense of laches, a defendant must prove that it has been prejudiced by the plaintiffs unreasonable delay in bringing the action." *Id.* at 192.

Like their copyright infringement claim, Plaintiffs' trademark infringement claim, under 15 U.S.C. §1114(1), is based upon Defendant's display on www.worldstarhiphop.com of the *second* masthead, which appeared on the website between around mid-2006 and April 2007. In addition to images of Plaintiff Jackson, Young Buck, Tony Yayo, Lloyd Banks and DJ Whoo Kid, this second masthead, as well as the 'mixtapes' webpages on www.worldstarhiphop.com, also contained the phrase 'G-Unit Radio'. (Odenat Dec., ¶13) Plaintiffs' trademark infringement claim under 15 U.S.C. §1114(1) is based upon Defendant's use, on this second masthead, of Plaintiffs' trademark 'G-Unit', which is incorporated into the phrase 'G-Unit Radio'.

As Defendant has explained, however, because Plaintiffs never made any demands, or even reference, related to the *second* masthead until June 2009, when Plaintiffs filed their complaint, Defendant had no knowledge or reason to know that Plaintiffs believed this second masthead in any way infringed their intellectual property rights; that is, either any alleged copyright or trademark rights in that second masthead or the webpages on www.worldstarhiphop.com to which the websites' visitors could access at that time.[3] Like Defendant's contributory *copyright* infringement claim, therefore, Defendant's contributory

---

[3]   Notably, although Plaintiffs' March 2009 cease and desist letter demands that Defendant cease and desist from using Plaintiffs' 'trademarks and/or logos' on www.worldstarhiphop.com, (1) only a copy of the *third* masthead was attached to this letter (Supp. Odenat Dec., Exh. AA); and (2) Defendant has not displayed the *second* masthead, which contained Plaintiffs' 'G-Unit' trademark, since April 2007. (Odenat Dec., ¶11)

*trademark* infringement claim, to the extent it is based upon Plaintiffs' assertion of a section 1114(1) claim against him, did not accrue until at least June 2009.[4]

Defendant filed his contributory trademark infringement claim against Mondesir in October 2010, less than one and one-half (1 ½) years after this claim accrued. As this time period is far less than the analogous six (6) year statute of limitations, Mondesir retains the burden to prove that Defendant's contributory trademark infringement claim is time-barred by the doctrine of laches.

"A defendant has been prejudiced by a delay when the assertion of a claim available some time ago would be 'inequitable' in light of the delay in bringing that claim. Specifically, prejudice ensues when a defendant has changed his position in a way that would not have occurred if the plaintiff had not delayed." *Conopco, Inc.*, 95 F.3d at 192. Mondesir has offered no reasons whatsoever for his belief that Defendant's one and one-half (1 ½) year delay in filing his claim was inexcusable or that he has been prejudiced by this short delay. Instead, Mondesir merely opines regarding his belief as to Defendant's 'motive' for filing his contributory trademark infringement claim. Mondesir's opinion in this regard lacks any basis in fact and is wrong. Regardless, and more importantly, it is utterly irrelevant to the pertinent inquiry for the purposes of laches; that is, whether Defendant's delay was

---

[4] Indeed, for all the reasons Defendant has articulated in his motion for summary judgment against Plaintiffs, to date, Plaintiffs maintain no "provable infringement claim" against Defendant related to their 'G-Unit' trademark (or even related to Plaintiff Jackson's alleged trademark in his 'persona'). Arguably, therefore, even if Defendant had not yet filed a contributory trademark infringement claim against Mondesir, his obligation to do so still would not be triggered.

unreasonable and whether that delay prejudiced Mondesir. Having completely failed to satisfy his burden, Mondesir's laches defense must necessarily fail.[5]

### 3. Defendant's Trademark Infringement Claim Is Not Barred By The Statute of Limitations

Defendant has also asserted a claim against Mondesir for false designation of origin, pursuant to 15 U.S.C. §1125(a), because Mondesir distributed mixtapes on which he imprinted Defendant's trademark, 'worldstarhiphop'. One of these mixtapes was entitled 'Are You A Window Shopper', which was created and distributed by Mondesir beginning in 2005. (Und. Facts, ¶¶54, 58, 59)

Mondesir contends that this claim should be dismissed, because it was filed outside the statute of limitations. As the basis of his argument, Mondesir contends that the statute of limitations for a claim under 15 U.S.C. §1125(a) of the Lanham Act is three (3) years.

---

[5] Although Defendant's contributory trademark infringement claim also seeks contribution from Mondesir to the extent Defendant is found liable to Plaintiffs on their false designation of origin claim, pursuant to 15 U.S.C. §1125(a), and their unfair competition claim, under New York common law, Mondesir notably does *not* seek dismissal of Defendant's contributory trademark infringement claim on the grounds of laches as it relates to these claims. Even if it did, however, such an argument would necessarily fail for the same reasons that Mondesir's laches argument must fail with respect to Defendant's contributory trademark infringement claim related to Plaintiffs' trademark infringement claim under 15 U.S.C. §1114(1).
  Although the analysis relating to laches is identical with respect to both section 1114(1) and section 1125(a), the accrual date of Defendant's contributory trademark claim as it relates to Plaintiffs' false designation of origin claim, under section 1125(a), is March 2009, when Defendant received Plaintiffs' cease and desist letter, instead of June 2009, when Plaintiffs filed their action against Defendant, because, unlike Plaintiffs' trademark infringement claim under section 1114(1), Plaintiffs' false designation claim under section 1125(a) relates to Defendant's display of Plaintiff Jackson's 'persona', of which Defendant was made aware with Plaintiffs' cease and desist letter, as opposed to Defendant's display of Plaintiffs' 'G-Unit' trademark, of which Defendant was made aware with Plaintiffs' filing of their complaint. The fact that Defendant discovered Plaintiffs' section 1125(a) claim three (3) months earlier than Plaintiffs' section 1114(1) claim, however, does not in any way render Defendants' contributory trademark infringement claim against Mondesir with respect to this claim subject to dismissal due to laches.

10