an unassailable prima facie case of contributory trademark infringement related to Plaintiffs'
false designation of origin and unfair competition claims.

> ### 3. Defendant Has Not Asserted A Right to Privacy Claim Against Mondesir

Mondesir also contends that Defendant has failed to make out a prima facie case of
an invasion of his right to privacy, pursuant to New York Civil Rights Law §§50, 51, because
Mondesir did not 'use' the images at issue. As previously stated, Mondesir has *not* asserted a
claim against Mondesir for a violation of *Defendant's* right to privacy, but rather a claim for
'contribution' in the event Defendant is found liable on *Plaintiffs'* right to privacy claim.
Whether or not *Mondesir* made 'use' of the images is irrelevant to Defendant's contribution
claim.

> ### 4. Defendant Has Made Out a Prima Facie Claim of Trademark Infringement

Mondesir further contends that Defendant has failed to make out a prima facie case,
under 15 U.S.C. §1125(a), for false designation of origin on several grounds. First, he argues
that Defendant must, and cannot, demonstrate that his trademark, 'worldstarhiphop', has
acquired secondary meaning. In so arguing, Mondesir demonstrates a misunderstanding of
the fundamental principles of the Lanham Act. In *Star Industries, Inc. v. Bacardi & Company
Ltd.*, the Second Circuit explained that

> An unregistered mark is entitled to protection under the Lanham Act if it would
> qualify for registration as a trademark. To qualify for registration a mark must be
> sufficiently 'distinctive' to distinguish the registrant's goods from those of others.
> Such distinctiveness may be demonstrated in either of two ways. The mark may be
> 'inherently distinctive' if its intrinsic nature serves to identify its particular source.
> Alternatively, even if not inherently distinctive, the mark may be distinctive by virtue
> of having acquired a 'secondary meaning' in the minds of consumers.

*Star Industries, Inc. v. Bacardi & Company Ltd.*, 412 F.3d 373, 381 (2d Cir. 2005). Furthermore,

> In this Circuit, marks are classified from least to most distinctive in the following
> categories: generic, descriptive, suggestive, arbitrary and fanciful. A mark's

distinctiveness determines its level of protection.  At one end, "[g]eneric marks are not protectable."  While at the other, "[f]anciful, arbitrary, and suggestive marks are deemed inherently distinctive" and so "will be automatically protected."  Alternatively, even if not inherently distinctive, the mark may be distinctive by virtue of having acquired a 'secondary meaning' in the minds of consumers."

*Ritani, LLC v. Harout Aghjayan*, 880 F. Supp.2d 425, 444 (S.D.N.Y. 2012) (citations omitted).

By way of explanation, in *Banff, Ltd. v. Federated Department Stores, Inc.*, the Second Circuit

elaborated, stating

Generally, generic terms – a common description of goods like "aspirin" for example – are ineligible for trademark protection.  Arbitrary marks are eligible for protection without proof of secondary meaning and with ease of establishing infringement.

*Banff, Ltd. v. Federated Department Stores, Inc.*, 841 F.2d 486, 489 (2d Cir. 1988).

Defendant's trademark, 'worldstarhiphop', is inherently distinctive.  Indeed, the term has no meaning whatsoever except to identify Defendant's website, www.worldstarhiphop.com.  Since 2005, Defendant's website has been devoted to displaying video clips of hip hop personalities and musical artists and, until April 2007, was also dedicated to making mixtapes of musical artists available for download and listening. (Und. Facts, ¶¶1, 8) (Odenat Dec., ¶5)  The term 'worldstarhiphop' is neither generic nor descriptive.  To the contrary, this term is fanciful or, at least, arbitrary.[10]  Consequently, the phrase 'worldstarhiphop' is inherently distinctive, and Defendant need not demonstrate its 'second meaning' in the mind of consumers for it to be vested with protection under the Lanham Act.

Mondesir also argues that, even if Defendant maintains a valid trademark in the term 'worldstarhiphop', Defendant cannot, under 15 U.S.C. §1125(a)(1), establish a claim for

---

[10]     Indeed, having issued Defendant a registration for this trademark, the U.S. Patent and Trademark Office believed it to be inherently distinctive. (Zarin Dec., Vol. 1, Exh. E)

25

'reverse passing off' or 'false advertising'. As the basis of this contention, Mondesir alleges

that Defendant cannot demonstrate that consumers were deceived by Mondesir's use of his

trademark, because: (1) there is no evidence that Mondesir 'used' Defendant's trademark,

'worldstarhiphop', on any mixtapes; but, *assuming* Mondesir did in fact 'use' this trademark

on his mixtapes; (2) Defendant was never in the business of distributing mixtapes; (3) at the

time Mondesir created and distributed the mixtapes displaying the domain name of

Defendant's website, Defendant did not operate his website; and (4) because one of the

objectives of Defendant's website was to promote Mondesir, consumers could not be

deceived by Mondesir's use of Defendant's trademark.

As a threshold matter, contrary to Mondesir's argument, Defendant need not

establish a 'reverse passing off' or 'false advertising' claim, pursuant to 15 U.S.C.

§1125(a)(1)(B), because he has not asserted such a claim.[11] Rather, Defendant's claim is a

'false designation of origin' claim, predicated on §1125(a)(1)(A). Notwithstanding his

mischaracterization of Defendant's claim, Mondesir's allegations regarding Defendant's

capacity to establish the facts which form the basis of Mondesir's consumer deception, lack

merit.

Mondesir's first allegation, that there is no evidence that Mondesir 'used'

Defendant's trademark 'worldstarhiphop', is simply incredible. As Mondesir has admitted, in

2005, Mondesir and Plaintiff Jackson created and distributed the mixtape 'Are You A

Window Shopper', which is imprinted with the domain name of Defendant's website,

---

[11]     As the Second Circuit explained, in *Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership, L.P.*, "[r]everse palming off under the Lanham Act occurs, simply stated, when 'A sells B's product under A's name.'" *Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership, L.P.*, 380 F.3d 126, 131 (2d Cir. 2004). Defendant does not allege that Mondesir sold *Defendant's mixtapes* under *Mondesir's name*. Instead, he alleges that Mondesir sold mixtapes created by himself and Plaintiff Jackson under *Defendant's name*, 'worldstarhiphop'.

www.worldstarhiphop.com; this domain name *is* in fact Defendant's trademark.[12] (Mondesir Depo., pp. 127-128)

Mondesir's second allegation, that Defendant was never in the business of distributing mixtapes, is also incredible. As Mondesir has also acknowledged, he and Defendant *together* distributed mixtapes. (Und. Facts., ¶¶46, 48, 49, 50, 54) Furthermore, as the record clearly reflects, until April 2007, Defendant's website, www.worldstarhiphop.com, made mixtapes, including but not limited to the mixtape 'Are You A Window Shopper?' as well as many other mixtapes created by Mondesir and Plaintiff Jackson, available for listening and downloading. (Und. Facts., ¶1)

Mondesir's third allegation, that www.worldstarhiphop.com did not operate at the time Mondesir created mixtapes displaying Defendant's trademark, is patently false. Defendant began to operate www.worldstarhiphop.com in 2005, and did so continuously until he ceased, for approximately eight (8) months when the website was hacked, in April 2007.[13] (Und. Facts, ¶¶1, 3, 4, 5, 8) As previously explained, Mondesir created and distributed the mixtape 'Are You A Window Shopper' in 2005, during the time www.worldstarhiphop.com was operational. (Und. Facts, ¶¶54, 55, 58, 59)

Mondesir's final allegation, that consumers could not be deceived into believing that Defendant created the mixtape 'Are You A Window Shopper' because Defendant intended to promote Mondesir on www.worldstarhiphop.com, is a *non sequitur*. Indeed, as he has

---

[12]    In fact, in an effort to deflect from Plaintiff Jackson any responsibility for imprinting Defendant's domain name on the packaging of this mixtape, Mondesir claims full responsibility for undertaking this action. (Mondesir Depo., pp. 125-126)

[13]    Indeed, Defendant's registration for this trademark, which the U.S. Patent and Trademark Office later issued to Defendant, affirms that Defendant began use of the trademark in 2005. (Zarin Dec., Vol. 1, Exh. E)

testified, Defendant intended to promote Mondesir on his website. This intended promotion, however, does not in any way mean that consumers *could not* be confused into believing that a mixtape created and distributed by Mondesir, in particular the mixtape 'Are You A Window Shopper', is associated with Defendant. Indeed, they could be so confused.

### C. Defendant's Complaint Adequately Asserts Defendant's Claims Under Fed. R. Civ. P. 8(a)(2)

Mondesir also requests the Court to dismiss each of Defendant's claims on the ground that they do not meet the pleading standard, pursuant to Fed. R. Civ. P. 8(a)(2), which requires a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Although he does not expressly state the basis for his request for dismissal on this ground, Mondesir is in fact moving to dismiss Defendant's claims under Fed. R. Civ. P. 12(b)(6). Oddly, therefore, Mondesir is *simultaneously* moving, on the *same* claims, to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and for summary judgment, pursuant to Fed. R. Civ. P. 56.

Moreover, in presenting these parallel motions, Mondesir has requested the Court to consider evidence. In essence, therefore, he is requesting the Court to entertain evidence in adjudicating his motion to dismiss under rule 12(b)(6). In such a situation, if the Court considers this evidence, it is "obligated to convert the motion [to dismiss] to one for summary judgment." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002). Because the Court shall indeed be considering the evidence Mondesir has submitted in adjudicating his motion for summary judgment, it is required to convert his motion to dismiss into a motion for summary judgment. In effect, therefore, Mondesir's two motions merge, and the Court need not assess the 'allegations' of Defendant's claims separate and apart from the arguments Mondesir advances in support of his motion for summary judgment.

28

Even if it were not required to convert Mondesir's motion to dismiss into a motion for summary judgment, the Court should decline to grant Mondesir's motion to dismiss, pursuant to rule 8(a)(2), *both* because: (1) as a matter of law, Defendant's claims all satisfy the liberal pleading requirements of this rule; and (2) Mondesir had ample opportunity to move to dismiss based on inadequate pleadings at any time between the time Defendant filed his third-party complaint against Mondesir, in October 2010, and the conclusion of discovery, in December 2012. Clearly, in moving to dismiss pursuant to rule 8(a)(2) at this stage, Mondesir's veiled objective is to restart the discovery process. Indeed, the remedy for dismissal under rule 8(a)(2) is dismissal *without prejudice*. Mondesir had more than two (2) years to conduct discovery. Any dissatisfaction which he may have with the results of that discovery, therefore, are solely a consequence of his own delinquency in this regard.

Presented with a similar situation, in *Davidoff v. Selective Distribution International, Inc.*, this Court found

> [Defendant's] focus on the purported absence of a pleading of bad faith ignores the fact that *Rule 8(a)* requires only a short and plain statement of the claim. Moreover, to the extent the third-party complaint alleges that J & H supplied counterfeit goods, the pleading plainly signaled, at least inferentially, that J & H was acting in bad faith in doing so. Moreover, even if such an explicit allegation were required, J & H was free to move to dismiss throughout lengthy pretrial proceedings and chose not to do so. Now, at the summary judgment stage, dismissal on this ground would make little sense since (1) the dismissal would have to be with leave to re-plead, a sure time-waster, and (2) J & H is also arguing that, as a matter of law, it did not act in bad faith, an evidentiary argument that, if sustained, would conclusively dispose of this claim.

*Davidoff v. Selective Distribution International, Inc.*, 2013 U.S. Dist. LEXIS 47457 at *27-28

(March 8, 2013 S.D.N.Y.)

29

**D.      Mondesir Is Not Entitled To Attorney Fees**

> **1.      Mondesir Is Not A 'Prevailing Party' Under 17 U.S.C. §505 or 15 U.S.C. §1117(a)**

Mondesir also requests the Court to award him attorney fees on Defendant's contributory copyright claim, under 17 U.S.C. §505, and on Defendant's trademark claims, under 15 U.S.C. §1117(a).  Notably, under both these statutes, the Court only has discretion to award attorney fees to a 'prevailing party'.  Considering that Mondesir is not, at least at the time he filed his motion for summary judgment, a 'prevailing party' on any of Defendant's claims, it is rather presumptuous, and inappropriate, of him to request the Court to award him attorney fees at this time. See e.g. *Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733, 751 (2d Cir. 1994) (Upon considering the appropriateness of an award of attorney fees under 15 U.S.C. §1117(a), the Court held that "[t]he issue of attorney's fees involves a consideration of whether Bayer AG has acted in bad faith, a matter more appropriately considered after a complete airing of all aspects of the dispute between the parties.")  In the absence of a dismissal of all Defendant's copyright and trademark related claims against Mondesir, then, this Court should not now entertain Mondesir's request for attorney fees. See *Collins v. Aztar Corp.*, 200 U.S. App. LEXIS 4484 at *8 (March 20, 2000 2d Cir.) ("In order to be considered a 'prevailing party,' a party must succeed on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit.  Where the [party's] success on a legal claim can be characterized as purely technical or de minimis, a district court would be justified in concluding that [this definition] has not been satisfied.")

> **2.      Defendant's Contributory Copyright Infringement Claim Is Not 'Objectively Unreasonable' Under 17 U.S.C. §505**

> When determining whether to award attorneys fees, district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were

objectively unreasonable; and (4) compensation or deterrence. The third factor – objective unreasonableness – should be given substantial weight.

*Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 144 (2d Cir. 2010); see also *Matthew Bender & Company, Inc. v. Hyperlaw, Inc.*, 240 F.3d 116, 121 (2d Cir. 2001). " 'Objective unreasonableness' is generally used to describe claims that have no legal or factual support." *Viva Video, Inc. v. Cabrera*, 2001 U.S. App. LEXIS 10998 at *8 (May 25, 2001 2d Cir.). "The mere fact that a defendant prevailed, however, does not necessarily mean that the plaintiff's position was frivolous or objectively unreasonable." *Penguin Books U.S.A. v. New Christian Church of Full Endeavor, Ltd.*, 2004 U.S. Dist. LEXIS 5648 at *7 (April 7, 2004 S.D.N.Y.). "Not all unsuccessful litigated claims are objectively unreasonable." *Id.*

Mondesir contends that Defendant's contributory copyright infringement claim was 'objectively unreasonable', because: (1) Defendant has not "alleged" that Defendant "materially contributed" to Defendant's "placement of the specific images in question"; and (2) Mondesir lacked "knowledge" that these images had been displayed on Defendant's website.

In arguing that Defendant has not "alleged" a "material contribution" by Defendant, Mondesir implicates his argument that Defendant's contributory copyright infringement claim should be dismissed because it fails to meet the pleading standards of rule 8(a)(2). As previously explained, Defendant has adequately pled his claim for contributory copyright infringement and, even if he has not, the remedy for a defective pleading under rule 8(a)(2) is dismissal *without prejudice*, giving Defendant the opportunity to re-plead. If Mondesir were to prevail on his motion to dismiss Defendant's contributory copyright infringement claim, therefore, Mondesir would *not* be a prevailing party; that is, Defendant would be given an opportunity to amend his complaint to assert additional 'allegations' related to Mondesir's

31

'material contribution' and discovery would be restarted, at least with respect to the issue of Defendant's 'material contribution'.[14]

In contending that Mondsir did not have "knowledge" that Defendant displayed Plaintiffs' allegedly copyrighted images of Tony Yayo and Lloyd Banks on his website, Mondesir references his argument that the Court should dismiss Defendant's contributory copyright infringement claim on the ground that he has failed to make out a prima facie case on this claim. As Defendant has previously explained, Mondesir had 'constructive knowledge' of this display, which, as a matter of law, is sufficient to establish contributory copyright infringement. Contrary to Mondesir's contention, therefore, even if Defendant were unsuccessful on this claim, it is meritorious and certainly does not lack legal or factual support. See e.g. *Keeling v. New Rock Theatre Productions, LLC*, 2013 U.S. Dist. LEXIS 33349 (March 11, 2013 S.D.N.Y.); *Penguin Books U.S.A.*, 2004 U.S. Dist. LEXIS 5648. Even if this were not the case, Mondesir has failed to demonstrate any of the other factors which the court should consider in determining whether to award attorney fees under 17 U.S.C. §505.

### 3.   Defendant Has Not Asserted His Trademark Infringement Claim In 'Bad Faith' Under 15 U.S.C. §1117(a)

To receive fees under the "exceptional case" exemption set forth in Lanham Act *Section 35(a)*, a party must demonstrate the losing party acted in bad faith. . . . However, a plaintiff's failure to prevail on its claims, standing alone, is not enough to anchor a claim of bad faith.

*Farberware Licensing Co. v. Meyer Marketing Co., Ltd.*, 2011 U.S. App. LEXIS 13756 at *4 (July 5, 2011 2d Cir.) (citations omitted).

---

[14]   Even if the Court were to construe Mondesir's argument regarding 'material contribution' to relate to his contention that Defendant has failed to make out a prima facie case of contributory copyright infringement, this argument would not be 'objectively unreasonable' because it has merit for all the reasons previously articulated.

Although his arguments on this issue are not easy to grasp, Mondesir appears to contend that, by asserting a trademark infringement claim against him, Defendant acted in 'bad faith' because this claim lacks merit on the grounds that: (1) because Defendant has not established that the term 'worldstarhiphop' has achieved 'secondary meaning', this term is not a valid trademark upon which Defendant can base a claim for trademark infringement; and  (2) the facts upon which Defendant relies to establish trademark infringement do not in fact establish 'reverse passing off'.[15]  For all the reasons Defendant has already articulated, Mondesir's arguments regarding the merit of Defendant's trademark infringement claim are wholly incorrect.

Even assuming *arguendo* that Mondesir's arguments on Defendant's trademark infringement claim are successful and he is able to obtain dismissal of this claim, such a dismissal still would not be a basis for the Court to award Mondesir attorney fees, because, as the Second Circuit has indicated, the absence of merit, *standing alone*, does not constitute 'bad faith' and is not sufficient to enable a Court to award a prevailing party attorney fees under 15 U.S.C. §1117(a).  Mondesir seems to imply that the Court should 'infer' bad faith to Defendant in bringing his trademark infringement claim, because at one time he and Mondesir were engaged in a mutually beneficial business relationship which went sour. Balderdash.  If this scenario were the basis for a finding of bad faith, attorney fees awards would be the rule rather than the exception.

---

[15]    Although he references Defendant's 'contributory trademark infringement' claim at the outset of his discussion of 15 U.S.C. §1117(a), Defendant does not appear to articulate any reasons which he believes to establish Defendant's 'bad faith' with respect to this claim.

III.   **Conclusion**

For all the foregoing reasons, this Court should: (1) DENY Third-Party Defendant

Mondesir's motion for summary judgment, pursuant to Fed. R. Civ. P. 56; (2) DENY Third-

Party Defendant Mondesir's motion to dismiss, pursuant to Fed. R. Civ. P. 8(a)(2) and

12(b)(6); and (3) DENY Third-Party Defendant Mondesir's motion for attorney fees,

pursuant to 17 U.S.C. §505 and 15 U.S.C. §1117(a).

Dated: May 2, 2013

By:

Scott Zarin, Esq.
Zarin & Associates P.C.
One Penn Plaza, Suite 4615
New York, NY 10119
Tel:    (212) 580-3131
Fax:    (212) 580-4393

Attorneys for Defendants
Lee Q.Odenat
Worldstar Hip Hop, Inc.
Worldstar, LLC
WSHH337, LLC