USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 12, 2014

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
CURTIS JAMES JACKSON, III, p/k/a     :
50 CENT, TOMORROW TODAY              :
ENTERTAINMENT, INC., and G-UNIT      :
RECORDS, INC.,                       :
                                     :
                    Plaintiffs,      :
                                     :    No. 09 Civ. 5583 (JFK)
      -against-                      :
                                     :    **OPINION & ORDER**
                                     :
LEE Q. ODENAT, a/k/a "Q," d/b/a      :
WWW.WORLDSTARHIPHOP.COM, WORLDSTAR   :
HIP HOP, INC., WORLDSTAR, LLC,       :
WSHH337, LLC, JOHN DOE LLC(S)/       :
CORPORATION(S),                      :
                                     :
                    Defendants.      :
                                     :
------------------------------------ :
LEE Q. ODENAT, a/k/a "Q," d/b/a      :
WWW.WORLDSTARHIPHOP.COM,             :
                                     :
              Third-Party Plaintiff, :
                                     :
      -against-                      :
                                     :
YVES MONDESIR,                       :
                                     :
              Third-Party Defendant. :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

  On March 24, 2014, the Court denied Defendants' motion for summary judgment, granted in part and denied in part Plaintiffs' motion for summary judgment, and granted in part and denied in part Third-Party Defendant's motion for summary judgment. Defendants Lee Odenat; Worldstar Hip Hop, Inc.; Worldstar, LLC; and WSHH337, LLC now move for partial reconsideration of that

Opinion & Order pursuant to Local Civil Rule 6.3.  For the reasons that follow, their motion is denied.

## I. Background

The Court assumes familiarity with the facts as set forth in the March 24, 2014 Opinion & Order. See Jackson v. Odenat, --- F. Supp. 2d ----, 2014 WL 1202745, at *1–3 (S.D.N.Y. 2014). As relevant here, the Court found Defendants liable for copyright infringement for posting on their website copies of certain copyrighted photographs registered as part of the pictorial material accompanying two of Plaintiffs' albums.  In comparing the copyrighted photographs with the images on Defendants' website, the Court noted that "the only discernible difference" aside from cropping was that one of the pictures had been "flipped" so that it faced right instead of left. Id. at *5.  The Court also denied Defendants' request for leave to amend their answer to interpose a statute of limitations defense as to Plaintiffs' right of publicity claim, because Defendants had failed to demonstrate diligence. See id. at *6–7.

## II. Discussion

### A. Legal Standard

A motion for reconsideration should generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by

the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  This standard is strict to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Grand Crossing, L.P. v. U.S. Underwriters Ins. Co., No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (internal quotation marks omitted).  A motion for reconsideration is not a substitute for appeal nor an opportunity to advance new theories not previously argued. See Walsh v. WOR Radio, 537 F. Supp. 2d 553, 555 (S.D.N.Y. 2008), aff'd, 326 F. App'x 589 (2d Cir. 2009).

**B. Analysis**

Defendants argue that the Court made clear errors of law in finding them liable for copyright infringement and in denying their request to amend their answer to interpose a statute of limitations defense.  Neither argument warrants reconsideration of the Court's March 24, 2014 Opinion & Order.

As to copyright liability, Defendants contend that the Court made two clear errors regarding the issue of substantial similarity.  First, according to Defendants, the Court erred by noting that "Plaintiffs only need to show a substantial similarity when there is no evidence of actual direct copying." Jackson, 2014 WL 1202745, at *5.  Second, Defendants claim that the Court went on to apply the wrong standard for substantial

similarity.  Defendants maintain that the Court reached erroneous conclusions because it overlooked binding Second Circuit authority, principally Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127 (2d Cir. 2003).

   The Court did not overlook controlling authority, however, and it applied the correct standard.  Even if a substantial similarity analysis is still required when actual direct copying is already established, that would not affect Defendants' liability because the Court went on to engage in this analysis.  As Defendants acknowledge, the Court compared the images on the website to the copyrighted photographs and determined that "the images on the masthead are substantially similar because they are exact copies." Jackson, 2014 WL 1202745, at *5.  In reaching this conclusion, the Court found that the copyrighted photographs "exceed the rather low bar for copyright protection of photographs" and that the copying was more than de minimis because it included "the subjects of the copyrightable photographs." Id.; see also Tufenkian, 338 F.3d at 131 (defining substantial similarity as when "the copying amounts to an improper or unlawful appropriation, i.e., (i) that it was protected expression in the earlier work that was copied and (ii) that the amount that was copied is more than de minimis" (internal quotation marks omitted)); Elsmere Music, Inc. v. Nat'l Broad. Co., 482 F. Supp. 741, 744 (S.D.N.Y.) (finding more

than a de minimis taking where defendant used a "significant (albeit less than extensive)" portion representing the "heart" of the work), aff'd, 623 F.2d 252 (2d Cir. 1980).  Having considered the controlling authority cited by Defendants and finding that it would not lead to a different result, the Court concludes that reconsideration of the copyright issue would be improper.

To support their substantial similarity argument, Defendants take the Court's finding that one of the images was "flipped" as an invitation to now argue that the image may have been from a different album that was not registered with the copyright office.  The Court notes that Defendants' new argument is belied by their concession that the image was actually copied from the photograph registered with one of Plaintiffs' copyrighted albums. (Def. Summ. J. Opp. Mem. 9; Def. Summ. J. Reply Mem. 3.)  Although Defendants claim that they should be able to advance this theory because Plaintiffs did not note the difference when they moved for summary judgment, the image's change in orientation is a factor that could only inure to Defendants' benefit.  That the Court considered the change sua sponte does not mean that Defendants are entitled to address it more fully.  Since Defendants did not raise this argument when moving for summary judgment, the Court does not consider it now. See Nieves v. N.Y.C. Police Dep't, 716 F. Supp. 2d 299, 303

(S.D.N.Y. 2010) ("A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced . . . ." (internal quotation marks omitted)).

Defendants also contend that the Court erred in denying their request (made in a footnote in their summary judgment reply brief) to amend the complaint by basing its ruling solely on Defendants' diligence instead of also considering whether Plaintiffs would be prejudiced by such an amendment. To support this argument, Defendants cite the Second Circuit standard for amendment of pleadings under Rule 15(a) of the Federal Rules of Civil Procedure. However, the lenient Rule 15(a) standard must be balanced against the Rule 16(b) "good cause" standard when a scheduling order sets a deadline for amending pleadings. See Grochowski v. Phx. Constr., 318 F.3d 80, 86 (2d Cir. 2003). Indeed, this Court explicitly relied on Rule 16(b)(4): "Because we are well past the December 15, 2009 deadline to amend pleadings, Defendants must show good cause." Jackson, 2014 WL 1202745, at *6 (citing Fed. R. Civ. P. 16(b)(4)); see also Jackson v. Odenat, No. 09 Civ. 5583, 2012 WL 505551, at *2-3 (S.D.N.Y. Feb. 14, 2012) (applying the Rule 16(b) "good cause" standard). The Court concluded that Defendants' did not demonstrate diligence because their mistake in failing to plead a statute of limitations defense as to the right of publicity

- 6 -

claim did not justify their more than three-year delay in requesting leave to amend. See Jackson, 2014 WL 1202745, at *7. Reconsideration would be inappropriate because Defendants have not pointed to controlling authority that would change this conclusion.

### III. Conclusion

For the foregoing reasons, Defendants' motion for reconsideration is denied. The parties are directed to schedule a settlement conference with Magistrate Judge Gorenstein.

**SO ORDERED.**

Dated:   New York, New York
         June 12, 2014

                                    JOHN F. KEENAN
                                    United States District Judge