Scott Zarin, Esq.
Zarin & Associates, P.C.
One Penn Plaza, Suite 4615
New York, New York 10119
scottzarin@copyrightrademarkcounsel.com
Tel: (212) 580-3131 * Fax: (212) 580-4393

---

September 8, 2014

**Via ECF**

Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Jackson v. Odenat*/S.D.N.Y. 09-5583

Dear Judge Keenan:

      I represent Defendants Lee Q. Odenat ("Odenat"), Worldstar Hip Hop, Inc. ("Worldstar Hip Hop"), Worldstar, LLC ("Worldstar") and WSHH337, LLC ("WSHH337") (collectively "Defendants") in the above-referenced action. I write, pursuant to Your Honor's Individual Practice Rule 2(A), to request a pre-motion conference in anticipation of filing a motion to preclude Plaintiffs from pursuing enhanced statutory damages, pursuant to 17 U.S.C. §504(a)(2), on their claim for copyright infringement.

      Pursuant to 17 U.S.C. §504(c)(2), "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Under section (c)(1) of this statute, "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages or profits, an award of statutory damages for all infringements involved in the action, . . ."

      In their motion in limine, served on September 2, 2014, Plaintiffs indicated that they were electing, on their claim for copyright infringement, to pursue an award of statutory damages rather than actual damages or Defendants' profits. The Second Circuit has held that "to prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Island Software and Computer Service, Inc.*, 413 F.3d 257, 263 (2d Cir. 2005).

The photographs in whose copyrights the Court found Defendants to have infringed contained images of Tony Yayo and Lloyd Banks, *not* Plaintiff Jackson. The record in this case does not contain a shred of evidence from which a fact-finder might be able to conclude that Defendants either were actually aware that they were infringing the copyrights in these photographs or that they acted with reckless disregard or willful blindness to their infringement of these copyrights. Consequently, there is no factual issue requiring determination by a fact-finder regarding 'willfulness' and Plaintiffs should be precluded from presenting the question of 'willfulness' to the fact-finder.

In its pre-trial requirements order, issued on August 4, 2014, the Court directed the parties to indicate, in their joint pre-trial order, whether there are any legal issues to be decided by the Court. The issue regarding 'willfulness' is a legal issue requiring adjudication by the Court, although it does in fact require the Court to examine the relevant facts to come to a legal conclusion. In this sense, it is akin to a motion for summary judgment. Defendants did not address this issue in their motion for summary judgment, because, at the time that Defendants filed this motion, Plaintiffs had not yet elected to pursue statutory damages in lieu of Defendants' profits and/or actual damages. As previously noted, Plaintiffs recently made this election on September 2, 2014.

As trial of this matter would be more expedient if this issue is resolved by the Court prior to trial, Defendants request the Court to permit them to move to preclude Plaintiffs from pursuing statutory damages on their copyright infringement claim. Because such a motion would involve a rather straightforward application of facts to well-established law, Defendants believe it would take a minimal amount of judicial resources to resolve such a motion before trial. Thank you for your consideration of this request.

Sincerely,

Scott Zarin, Esq.

cc: Karen Stetson, Esq. (via e-mail)
John Fazzio, Esq. (via e-mail)