Scott Zarin, Esq.
Zarin & Associates, P.C.
One Penn Plaza, Suite 4615
New York, New York 10119
scottzarin@copyrightrademarkcounsel.com
Tel: (212) 580-3131 * Fax: (212) 580-4393

---

October 7, 2014

**Via ECF**

Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007


Re:   *Jackson v. Odenat*/ S.D.N.Y. 09-5583


Dear Judge Gorenstein:

    I represent Defendants Lee Q. Odenat ("Odenat"), Worldstar Hip Hop, Inc. ("Worldstar Hip Hop"), Worldstar, LLC ("Worldstar") and WSHH337, LLC ("WSHH337") (collectively "Defendants") in the above-referenced action. I write in response to a letter written to Your Honor from Plaintiffs' counsel, Karen Stetson, Esq., on October 2, 2014.

    In her letter, Plaintiffs' counsel requests the Court to permit Plaintiffs to issue a subpoena to obtain an "unedited version" of a radio interview which Defendant Odenat gave to a radio station. Although she carefully avoids saying so in her letter, Plaintiffs' counsel is requesting the Court to re-open discovery in this matter. Discovery in this matter closed in December 2012.

    As this Court has explained

> [A] scheduling order "shall not be modified except upon a showing of good cause and with the judge's consent." *Fed. R. Civ. 16(b)(4)*. A party seeking relief from the discovery schedule, including the reopening of discovery when discovery has closed, must make an application to the Court demonstrating why good cause exists to modify the schedule.
> A finding of good cause depends on the diligence of the moving party. The moving party must show that even if it had exercised diligence, it could not have met the deadline set by the court.
> Although the primary consideration is whether the moving party can demonstrate diligence, other factors that courts in this Circuit have considered in determining whether to modify a scheduling order by reopening discovery include

(1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the non-moving party; (4) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; and (5) whether further discovery is likely to lead to relevant evidence.

*Lopez v. Ramos*, 2013 U.S. Dist. LEXIS 181388 at *7-8 (S.D.N.Y. December 30, 2013) (citations omitted). "In determining whether a party has been diligent in seeking the requested discovery, courts consider what information the party knew, or should have known, in advance of the deadline sought to be extended." *Wade v. North American Asset Services, LLC,* 2013 U.S. Dist. LEXIS 20232 at *7-8 (E.D.N.Y. February 14, 2013).

Plaintiffs have failed to meet their burden to demonstrate that good cause exists for the Court to reopen discovery to allow them to issue the noted subpoena. Plaintiffs allege that the radio interview at issue occurred in February 2013, after discovery closed.[1] Critically, however, Plaintiffs fail to note that they indisputably had knowledge of the interview at least as early as March 28, 2013. On that date, Plaintiffs served on Defendants: (1) their memorandum of law in support of their motion for summary judgment (D.E. 128); and (2) a declaration of Plaintiffs' counsel, Karen Stetson, Esq., in support thereof (D.E. 131). In their motion for summary judgment, Plaintiffs cited the radio interview as evidence in support of their argument, to make out a prima facie case on their trademark claims, that 'actual confusion' existed in the marketplace and therefore there is a 'likelihood of confusion'. (D.E. 128, p. 20) In her declaration, Plaintiffs' counsel attested that the attached transcript was in fact a transcript of this radio interview. (D.E. 131, p. 2)

Despite their indisputable knowledge of the radio interview at least as early as March 28, 2013, however, Plaintiffs waited until October 2, 2014, more than eighteen (18) months, to make their request to issue a subpoena. Importantly, they offer no explanation whatsoever for this delay. By any measure, eighteen (18) does not constitute diligence. As Plaintiffs point out, Defendants have moved *in limine* to exclude this radio interview from being introduced at trial. (D.E. 187) Only *after* Defendants served this motion did Plaintiffs make their request to issue a subpoena.[2]

Moreover, trial of this matter is imminent; that is, November 3, 2014. Also, as Plaintiffs had an audio of the radio interview in their possession at least as early as March 2013, they certainly had an opportunity to listen to this audio to determine whether they believed it was complete. Consequently, Plaintiffs indisputably could have foreseen the need to issue a subpoena. And perhaps most importantly, assuming the audio is "heavily edited", as Plaintiffs claim, an "unedited version" of the interview would not lead to the discovery of

---

[1] Although Plaintiffs' counsel alleges the interview took place on this date, the transcript of the interview does not list any date.

[2] It is noteworthy that the Court denied Defendants' motion to amend its answer to add a statute of limitations defense to Plaintiffs' right to publicity claim *solely* on the ground that Defendants were not diligent in seeking to amend their answer. (D.E. 150, pp. 16-17; D.E. 159, pp. 6-7)

relevant evidence. Plaintiffs allege that the "editing" occurred in the middle of a comment by the radio host, Hanif Williams. In opposition to Defendants' motion *in limine* to exclude the radio interview, Plaintiffs have contended that Defendant Odenat's comments are relevant to show his knowledge that Plaintiff Jackson's image would drive visitor traffic to Defendants' website. (D.E. 199) The comments of the *radio host*, which Plaintiffs indicate they believe have been edited, have no relevance whatsoever to Defendant Odenat's knowledge related to this subject.[3] In fact, in their motion *in limine*, Defendants have argued, in the alternative, that if the Court declines to exclude the radio interview, it should order redaction of the very same comments Plaintiffs now allege have been edited, because these comments are irrelevant. (D.E. 187, p. 5).[4] Assuming the audio of the radio interview in fact has been 'edited', as Plaintiffs allege, Plaintiffs therefore seek to issue a subpoena to obtain utterly irrelevant evidence.

Finally, Defendants note that, before Plaintiffs made their instant request, Defendants had no inkling that the transcript of the radio interview which Plaintiffs attached to their motion for summary judgment was in any way 'edited'. Unlike the copy of the transcript which they attach to their letter request, the copy attached to their motion for summary judgment did not contain the handwritten phrase 'editing cut'. (D.E. 131, Exh. B, p. 4) Indeed, the court reporter who transcribed the interview, Alan Levine, attested that his transcription was a 'true record' of the interview. (D.E. 131, Exh. B, p. 8) Moreover, in her declaration, Plaintiffs' counsel declared that this transcript was a 'true and correct' copy of the transcript. (D.E. 131, p. 2) If in fact the transcript is 'edited' and there are additional sentences which are not contained in it[5], then Mr. Levine's and Plaintiffs' counsel's attestation otherwise constitutes a sanctionable false representation to the Court.

For all the foregoing reasons, the Court should deny Plantiffs' request to issue a subpoena to obtain an 'unedited version' of the radio interview of Defendant Odenat conducted by Hanif Williams.

Sincerely,

Scott Zarin, Esq.

cc:   Karen Stetson, Esq. (via email)
       John Fazzio, Esq. (via email)

---

[3] Indeed, in the section of its order on the parties' cross-motions for summary judgment in which it discusses 'actual confusion', the Court did not mention this radio interview. Clearly, therefore, the Court itself did not believe this interview had any relevance. (D.E. 150, pp. 29-30)

[4] For this reason, this Court should suspend ruling on Plaintiffs' instant request until Judge Keenan rules on Defendants' motion *in limine* to exclude the radio interview.

[5] At this time, Defendants have no knowledge whether or not this is the case. If the Court permits Plaintiffs to issue a subpoena, however, Defendants will then be able to make this determination.