Scott Zarin, Esq.
Zarin & Associates, P.C.
One Penn Plaza, Suite 4615
New York, New York 10119
scottzarin@copyrightrademarkcounsel.com
Tel: (212) 580-3131 * Fax: (212) 580-4393

October 7, 2014

**Via ECF**

Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Jackson v. Odenat*/S.D.N.Y. 09-5583

Dear Judge Keenan:

     I represent Defendants Lee Q. Odenat ("Odenat"), Worldstar Hip Hop, Inc. ("Worldstar Hip Hop"), Worldstar, LLC ("Worldstar") and WSHH337, LLC ("WSHH337") (collectively "Defendants") in the above-referenced action. I write in response to a letter written to Your Honor from Plaintiffs' counsel, Karen Stetson, Esq., on October 2, 2014.

     In that letter, Ms. Stetson requests the Court to order Defendants to request the website 'The Wayback Machine' to 'unblock' access to Defendants' website, www.worldstarhiphop.com, in order to allow Plaintiffs to "obtain legible images of the website during the relevant period of infringement for the purposes of trial exhibits." The Court should deny this request.

     Initially, Defendants draw the Court's attention to the fact that, in making this request, Plaintiffs have not specified the legal basis for it. Indeed, they have not done so for good reason; that is, it is purely and simply a discovery request and discovery ended in this matter in December 2012. In fact, Plaintiffs' request is a motion to compel, which is properly brought under Fed. R. Civ. P. 37. This motion to compel is improper and baseless and should be denied for a number of reasons.

     First, and obviously, discovery concluded in December 2012. If Plaintiffs wished to "obtain legible images" of Defendants' website, Plaintiffs could have, and should have, moved to compel the production of these documents before discovery concluded. The images from Defendants' website which Plaintiffs produced and employed at every stage of this litigation, including but not limited to at almost all of Defendant Odenat's many depositions and to support their motion for summary judgment, have been in Plaintiffs'

possession since the outset of this case in June 2009. Indeed, these are the same images which Plaintiffs attached as exhibits to their complaint at that time. See (D.E. 1) Plaintiffs have not offered any explanation whatsoever as to why they failed to request the Court to compel Defendants to 'unblock' the Wayback Machine before now. Moreover, they have not offered any explanation as to why they never issued a subpoena to the Wayback Machine to obtain these images, which they could have done during discovery.

Second, in order to move to compel under Rule 37, a party must specify upon which discovery request their request to compel is based. In other words, Plaintiffs must indicate the document request (or other discovery request) which with Defendants have refused to comply. Plaintiffs have not specified any such document request. Indeed, Plaintiffs have not done so, because: (1) Plaintiffs never issued any discovery request in which they requested Defendants to 'unblock' the Wayback Machine; and (2) Plaintiffs did not want to characterize their request as a discovery request because they are fully aware that discovery is long over and such a request is untimely. Instead, Plaintiffs base their motion to compel on a request they made of Defendants' counsel to 'unblock' the Wayback Machine less than two weeks ago. Discovery, of course, was not ongoing two weeks ago.[1]

Third, Plaintiffs were indisputably aware at least as early as June 2010 that the images they seek could have been obtained from the Wayback Machine for two reasons. First, Defendant Odenat, during his deposition on Jun 11, 2010, told them so, stating that "the only way you can locate the banner would be wayback.com." (Exh., p. 199) Second, in his expert report, Aram Sinnreich states that "[i]n April 2009, plaintiff's counsel retrieved content previously published by WSHHH (including some of the infringing images at issue in this case, e.g. Composite Exhibit 1) from the Waybackmachine." (D.E. 204, Exh. A, p. 8) Notwithstanding this knowledge, Plaintiffs waited more than four (4) years to move to compel the production of these documents from the Wayback Machine.

Fourth, there is no reason to believe that any images of Defendants' website which the Wayback Machine may display are any more "legible" than the images Plaintiffs have had in their possession and have used in this litigation for the last five (5) years. Tellingly, Plaintiffs have not attached to their letter copies of the images which they believe are not "legible". Most importantly with respect to this issue, as Mr. Sinnreich has stated, the images from Defendants' website which Plaintiffs produced and have been using throughout this litigation are in fact from the Wayback Machine. Indeed, during his deposition, Defendant Odenat also indicated that the webpages containing the mastheads at issue in this action

---

[1] The Court may not be aware that this is not Plaintiffs only attempt to reopen discovery and seek additional documents in this matter. As the Court is aware, Defendants have filed a motion *in limine* to exclude the transcript of a radio interview conducted with Defendant Odenat. On October 2, 2014, the same day they wrote to the Court about this matter, Plaintiffs also wrote to Judge Gorenstein seeking the right to issue a subpoena to this radio station to obtain an 'unredacted' version of the transcript of this radio interview, which they apparently believe is somehow different from the transcript they have already produced and of which Defendants are seeking exclusion.

which were displayed on Defendants' website before around 2008 (which includes two of the three mastheads at issue) must have come from the Wayback Machine. (Exh., p. 199)

Fifth, if the Court grants Plaintiffs' request, it is impossible to know whether the images of Defendants' website which Plaintiffs have already produced and used in this action will be the same, but more "legible" copies of, images which Plaintiffs would print from the Wayback Machine. As the Court may or may not be aware, the Wayback Machine contains images of websites as they existed at different points in time, but it does not contain images of any given website at *all* times in the past. By way of illustration, upon entering a domain name into the search box of the Wayback Machine, it displays a calendar with marks on the dates for which it possesses some webpages from that website. Upon clicking on any given mark on the calendar, the webpages which the Wayback Machine has archived will appear, often in incomplete form and often only some of the pages from the given website on that date.

Plaintiffs have produced no evidence indicating what dates, on the Wayback Machine calendar, the webpages they have produced and have been using in this action in fact were printed from. Indeed, at this point there is no way to know this information. Whatever date on the Wayback Machine from which Plaintiffs may print a new webpage now will therefore certainly be a different date. Accordingly, the more "legible" copies Plaintiffs seek to obtain from the Wayback Machine will almost certainly be from different dates from those originally printed by Plaintiffs and used in this action.

Both parties have taken multiple depositions in this action during which they asked questions about the images which *already* have been produced. If the Court grants Plaintiffs' request, all of these depositions will need to be retaken using the new different images to determine whether the witnesses' answers to the questions using these new images would be the same or different as those they gave when asked about the old images.

Sixth, Plaintiffs' request to compel Defendants to 'unblock' the Wayback Machine is a ruse to obtain other evidence which they failed to seek during discovery. In his report, Plaintiffs' expert, Aram Sinnreich, offers the opinion, *inter alia*, that Defendants 'expunged' their website from the Wayback Machine. As the Court is aware, Defendants have moved *in limine* to exclude Mr. Sinnriech's opinion. In response to Defendants' argument that this aspect of Mr. Sinnreich's opinion should be excluded because it is irrelevant, Plaintiffs contended that it should not be excluded because, in addition to the fact that they could have obtained clearer copies of the images if the Wayback Machine displayed Defendants' website, Plaintiffs could have: (1) found evidence which would have enabled them to bring additional claims against Defendants; and (2) learned more about Defendants' promotional activity during the period of unauthorized use. (D.E. 210, Plaintiffs' Brief, p. 8; D.E. 205, Defendants' Reply Brief, p. 3) With this response to Defendants' motion *in limine*, therefore, Plaintiffs admit that they seek to view Defendants' website through the Wayback Machine for purposes *other than* simply to obtain more "legible" copies of the images.

Finally, as the Court is aware, in their motion for summary judgment, Defendants moved to amend their answer to add a statute of limitations defense to Plaintiffs' right to publicity claim. In opposition to this request, Plaintiffs' *sole* argument was that, if Defendants had timely amended their answer to add this affirmative defense during

discovery, Plaintiffs would have issued a subpoena to the Wayback Machine to 'unblock' the Defendants' website, enabling them to gather documents relating to the precise dates when the three mastheads at issue were displayed and to determine whether Defendants had 'republished' the images, which would defeat the statute of limitations defense. (D.E. 128, Plaintiffs' Omnibus Response Brief, pp. 7-9)  If Plaintiffs had issued such a subpoena, it would have revealed precisely the same images which Plaintiffs are now seeking through their request for an order compelling Defendants to 'unblock' the Wayback Machine.

It is more than a bit disingenuous for Plaintiffs to rely on their inability to issue a subpoena to obtain these documents for the purposes of their opposition to Defendants' motion to amend, but then to seek to obtain these documents through an order requiring Defendants' to 'unblock' the Wayback Machine one and a half (1 ½) years later on the eve of trial ostensibly for the purpose of obtaining more "legible" copies of these documents.  In the event the Court grants Plaintiffs' request, therefore, Defendants request the Court to retroactively strike Plaintiffs' argument in response to Defendants' motion to amend their answer that Plaintiffs would have issued a subpoena to the Wayback Machine.  If the Court does so, it should also retroactively grant Defendants' motion to amend to add the statute of limitations defense by default, as Plaintiffs would have offered no response to this argument.[2]

For all of the foregoing reasons, this Court should decline to order Defendants to 'unblock' access to their website on the Wayback Machine.  Thank you.[3]

Sincerely,

Scott Zarin, Esq.

cc: Karen Stetson, Esq. (via email)
John Fazzio, Esq. (via email)

---

[2] Although the Court declined to permit Defendants to amend their complaint under Rule 16, rather than Rule 15(a), in the absence of any argument against amendment, Defendants submit that the best practice is to permit adjudication on the merits of the statute of limitations' defense.

[3] Additionally, it is noteworthy that, in their letter, Plaintiffs assert that they "asked defense counsel to have his client perform this simple task, but he has refused to do so."  This is not entirely correct.  Indeed, Plaintiffs requested me to request Defendant Odenat to 'unblock' the Wayback Machine.  But I did not "refuse to do so."  Rather, in response, I indicated that neither Defendant Odenat nor I have any knowledge as to whether or not any such blocking has occurred.  By asserting that I refused to 'unblock' the Wayback Machine, Plaintiffs disingenuously suggest that Defendants in fact 'blocked' the Wayback Machine and now refuse to 'unblock' it.  Indeed, Plaintiffs are attempting, through their communication with me, to substantiate the opinion offered by Mr. Sinnreich that Defendants in fact 'blocked' the Wayback Machine.  There is no evidence to this effect, and I have not so indicated in my response to Plaintiffs' counsel on this issue.