```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CURTIS JAMES JACKSON, III, et al.,               :

                Plaintiffs,                      :     MEMORANDUM ORDER

        -against-                                :
                                                       09 Civ. 5583 (JFK) (GWG)
                                                 :

LEE Q. ODENAT, et al.,                           :

                Defendants.                      :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Before the Court are letters from plaintiffs dated October 2 and 8, 2014, and a letter from defendants dated October 7, 2014 (Docket ## 215, 216, 213). Plaintiffs seek to subpoena "for use at trial" the original recording of a "radio interview" given by defendant Lee Q. Odenat in February 2013. Discovery in this case closed in December 2012. Trial is set to begin on November 3, 2014.

"Rule 45 subpoenas have been held generally to constitute discovery, and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery." Pasternak v. Dow Kim, 2013 WL 1729564, at *1 (S.D.N.Y. Apr. 22, 2012) (citation, internal quotation marks, and alteration omitted). Thus, "[i]t is black letter law that parties may not issue subpoenas pursuant to Federal Rule of Civil Procedure 45 as a means to engage in discovery after the discovery deadline has passed." Joseph P. Carroll Ltd. v. Baker, 2012 WL 1232957, at *2 (S.D.N.Y. Apr. 12, 2012) (citation and internal quotation marks omitted); accord Eng v. Blood, 2008 WL 2788894, at *10 (N.D.N.Y. July 17, 2008) ("Litigants . . . may not use Rule 45 trial subpoenas as an end around expired discovery deadlines.") (citation omitted); McKay v. Triborough Bridge & Tunnel Auth., 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007); Dodson v. CBS Broad., Inc., 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005)).

Notwithstanding this general principle, it is appropriate to use Rule 45 to obtain documents at trial in some circumstances — most obviously when it is necessary to introduce the original of a document that was previously the subject of a discovery request. See, e.g., Dodson, 2005 WL 3177723, at *1 (recognizing the need for a Rule 45 subpoena in the case of "last-minute trial needs (such as for originals of documents where copies were produced in discovery and there is a need for the original at trial)").

1

      Here, plaintiffs do not contend that they need the original recording because their copy will be inadmissible at trial. Accordingly, we consider whether the discovery deadline should be extended for the limited purpose of obtaining the audio recording by subpoena. A request for an extension of a discovery may be granted where "good cause" is shown. Fed. R. Civ. P. 16(b)(4). "A finding of good cause depends on the diligence of the moving party." Grochowski v. Phx. Constr., 318 F.3d 80, 86 (2d Cir. 2003) (citation omitted). In assessing whether the moving party has shown diligence, courts consider whether the proposed modification is based on "information that the party knew, or should have known, in advance of the deadline." Sokol Holdings, Inc. v. BMD Munai, Inc., 2009 WL 2524611, at *8 (S.D.N.Y. Aug. 14, 2009) (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)).

      Because Odenat has not stated when he gave this interview, we will accept plaintiffs' assertion that it occurred in February 2013, which was after the close of discovery. Thus plaintiffs have plainly shown "good cause" for making the application after the discovery deadline. While they have provided no explanation for waiting more than a year and a half before seeking to obtain the unedited version, a number of circumstances counsel in favor of permitting the subpoena now despite this delay. First, the Court understands that the original is in the hands of a third party and that its production will not require any of the defendants to conduct or be the subject of any further discovery. Second, the nature of the evidence is well known to defendant Odenat inasmuch as he was a participant in the interview. Third, the jury could only benefit from having a full as opposed to a partial recording (assuming the recording is admitted into evidence at all). Finally, the discovery is extremely limited in scope. In light of these circumstances, the Court will permit plaintiffs to issue the subpoena provided they do within the next 5 days.

Dated: October 10, 2014
      New York, New York

                                                     _____
                                                     GABRIEL W. GORENSTEIN
                                                     United States Magistrate Judge